## Commonwealth ex rel. Ensor, Appellant, *v.* Cummings.

Argued October 6, 1964. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Martin Vinikoor*, with him *Stanford Shmukler*, and *Vinikoor, Fein, Criden and Johanson*, for appellant.

*Daniel W. Shoemaker*, District Attorney, with him *Lewis H. Markowitz* and *Earl R. Doll*, Assistant District Attorneys, and *John T. Miller*, First Assistant District Attorney, for appellees.

OPINION BY MR. JUSTICE EAGEN, January 5, 1965:

The appellant, Thelma A. Ensor, was convicted by a jury of violating Section 718 of the Act of June 24, 1939, P. L. 872, 18 P.S. §4718 (criminal abortion), and sentenced to a state correctional institution. On appeal the Superior Court affirmed, 196 Pa. Superior Ct. 380, 175 A. 2d 324 (1961). We denied allocatur and the Supreme Court of the United States refused certiorari, 371 U. S. 901 (1962).

Subsequently, an action in habeas corpus was instituted in the Court of Common Pleas of York County which was dismissed after hearing. On appeal the Superior Court affirmed, 204 Pa. Superior Ct. 1, 201 A. 2d 291 (1964). We granted allocatur.

Upon the occasion of appellant's arrest, investigating police officers, armed with a search warrant, entered by use of a key certain premises in which the appellant and others were engaged in performing abortions. Arrests were made and surgical instruments and other incriminating evidence were seized and later admitted in evidence at trial.

It is now argued that the search warrant was invalid; that the entry was made, and seizure effected, on the authority of the invalid warrant; and that the admission in evidence at trial of evidence so seized was prejudicial error requiring the issuance of the writ and the grant of a new trial.

We agree that the search warrant was invalid. The complaint upon which it was issued was legally insuf-

ficient in that it failed to set forth probable cause properly and also failed to allege a pre-existing crime: *United States ex rel. Campbell v. Rundle,* 327 F. 2d 153 (1964), and *Aguilar v. Texas,* 378 U. S. 108 (1964).

We further agree that if the entry to the premises involved were made to make a search and seizure solely on the authority of the invalid warrant, it was illegal, and any evidence seized as a result of the illegal entry and search was inadmissible at trial. Such a seizure would be in violation of the 4th and 14th Amendments to the Constitution of the United States. See, *Beck v. Ohio,* 379 U. S. 89, 85 S. Ct. 223 (1964). Evidence so seized is now inadmissible in state court proceedings: *Mapp v. Ohio,* 367 U. S. 643 (1961). The ruling in *Mapp* is controlling since that decision was filed while the appeal from the judgment of sentence here involved was still pending: *Commonwealth ex rel. Wilson v. Rundle,* 412 Pa. 109, 194 A. 2d 143 (1963); *Commonwealth v. Raymond,* 412 Pa. 194, 194 A. 2d 150 (1963); and *United States ex rel. Mancini v. Rundle,* 219 F. Supp. 549 (1963).

While no motion to suppress was filed, and at trial counsel did not attack the validity of the search warrant, it would be unfair to deny the appellant the right now to raise the question of infringement of constitutional rights by an unlawful search and seizure, merely because of counsel's failure to anticipate the subsequent ruling enunciated in *Mapp.*

However, we are convinced by the record that at the time of entry to the premises involved, the police officers had personal knowledge of sufficient facts to warrant a reasonable man in the belief that an offense against the law had been, or was then being, committed. Therefore, probable cause existed which warranted an arrest without a warrant. In view of this, if the search warrant were not executed and the purpose of the police officers in entering the premises were to make an

arrest for the commission of a crime, which they believed had been, or was then being, committed, the entry and arrest were lawful.

A fortiori, the evidence seized being incidental to and the product of a lawful arrest, it was admissible at appellant's trial: *Ker v. California,* 374 U. S. 23 (1963). The insufficiency of the search warrant would be immaterial if the search and seizure were otherwise justified: *Marron v. United States,* 275 U. S. 192 (1927); *United States v. Gearhart,* 326 F. 2d 412 (4th Cir. 1964); *United States v. Jones,* 204 F. 2d 745 (7th Cir. 1953), cert. denied 346 U. S. 854; *Lee Kwong Nom v. United States,* 20 F. 2d 470 (2d Cir. 1927); and, *Billingsley v. United States,* 16 F. 2d 754 (8th Cir. 1926).

But from our reading of the original trial record and also that in the present proceedings, it is impossible to make an intelligent and fair determination of the real reason why the police officers entered the premises. Was it to make a search or to effect an arrest? Was the search incidental to the arrest or vice versa? These questions must be answered before we can properly determine the admissibility of the seized articles as trial evidence.

In view of the fact that the record fails to reveal adequately the answers to these vital questions, we deem it necessary to remand the case for any further proceedings the court below deems necessary to properly answer them.

Upon remand, another question may need decision. While the record is silent as to this fact, we have been informed that while this appeal was pending, appellant has been released from confinement by order of the Commonwealth's Board of Parole. Does this render moot the habeas corpus issue? This important question, one of first impression in this Court, was not presented, argued or briefed before us, and we will

not attempt to resolve it upon the present posture of the case.

The order of the Superior Court is reversed and the order of the Court of Common Pleas of York County is vacated. The record is remanded to the court of original jurisdiction with directions to proceed in accordance with this opinion.