Commonwealth *v.* Anderson, Appellant.

Argued March 21, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Lenard H. Sigal,* for appellant.

*Gordon Gelfond,* Assistant District Attorney, with him *Benjamin H. Levintow* and *Joseph M. Smith,* Assistant District Attorneys, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, J., September 15, 1966:

This is an appeal from the judgment and sentence of the Court of Oyer and Terminer, Quarter Sessions of the Peace and Jail Delivery, of Philadelphia County. The appellant-defendant, Henry L. Anderson, was charged with the felonious possession of narcotic drugs. He waived his right to a jury trial and after entering his plea of not guilty, was tried before the Honorable GEORGE W. GRIFFITH, specially presiding. He was adjudged guilty; motions in arrest of judgment and for a new trial were denied; and he was sentenced to a term of not less than two and one-half years nor more than ten years in the State Correctional Institution at Philadelphia.

Prior to trial, he filed a motion to suppress evidence on the ground of unlawful arrest, search and seizure. The matter was heard by the Hon. CHARLES L. GUERIN, who, after hearing the testimony, dismissed the motion. The same motion was renewed and substantially the same testimony was heard by the trial judge and the motion to suppress was denied.

The question on appeal is whether a new trial should be granted because of the denial of the motion to suppress and the admission of alleged illegally obtained evidence in violation of the appellant's constitutional rights. *Mapp v. Ohio,* 367 U. S. 643, 81 S. Ct. 1684 (1961).

The facts are: That at or about 2:05 A.M., on November 16, 1964, two cruising police officers saw an automobile being operated erratically and with its lights at high beam. They stopped the car to determine the condition of the driver. The officers, after talking to the appellant, found that although he had been drinking, in their opinion, he was not intoxicated. One of the officers recognized him as a known narcotics violator and as they were examining his owner's and operator's cards and talking to him, with the use of a flashlight, they noticed a cylindrical shaped object wrapped in brown paper protruding from under the front seat. There was a passenger in the car who was alleged to be a garage attendant who was to have parked the appellant's car after he arrived home. The appellant did not testify either at the trial or at the hearing to suppress the evidence. Neither did the passenger.

The only testimony as to what took place that early morning was given by the two police officers. They testified that they asked him to accompany them to the District Police station for investigation. They testified that he was not placed under arrest at that time nor did they seize the package involved. The appel-

lant consented to their request and drove his automobile to the police station and locked it before accompanying the officers into the station. After about "five to ten minutes" the appellant was asked and consented to a search of his car and assisted the officers in making the search. They found nothing by the search but the package which they had seen at the time the car was stopped. This package was found to contain narcotic instruments and drugs. The officers then placed the appellant under arrest.

The action of the police officers in stopping the appellant's automobile was proper for the protection of highway users. *Com. ex rel. Bowers v. Rundle*, 200 Pa. Superior Ct. 496, 189 A. 2d 910 (1963), where this Court said, at page 499: "They had not only the right, but also the duty, to halt the truck which was being operated without lights. In the act of checking the license of the operator and the vehicle registration card they observed the cases of whiskey in open view. The mere looking at an object which is plainly visible does not constitute a search, nor does its taking amount to a seizure". True, in the instant case, the cylindrical package did not disclose its contraband nature as the whiskey did but taken together with the officer's knowledge that the appellant was a known narcotics violator, he could infer its contraband contents to give him reasonable cause to investigate its contents.

However the officers acted with great prudence. They could have arrested the appellant for a vehicular code violation then and there, but having seen the suspicious package decided to complete the investigation at the police station. To let the automobile go would invite the destruction of the contraband and the courts have made a distinction as regards reasonableness of search between buildings and motor vehicles.

"The term 'search' as applied to searches and seizures is an examination of a man's house, buildings or

premises, or of his person, with a view to the discovery of contraband or some evidence of guilt to be used in the prosecution of a criminal action: 79 C.J.S. Searches and Seizures, §1, page 775.

"A seizure contemplates a forcible dispossession of the owner and is not a voluntary surrender: People v. Defore, 242 N.Y. 13, 150 N.E. 585.

"In Haerr v. United States, 240 F. 2d 533, a case factually similar to the instant case, federal officers were questioning occupants of an automobile and observed the defendant trying to hide boxes and then observed him throw the boxes from the automobile. The officers picked up the boxes and found marihuana, and the Court found that there was no search and seizure. It is generally held that the mere looking at that which is open to view is not a search: United States v. Lee, 274 U. S. 559; Ellison v. United States, 206 F. 2d 476. In the Ellison case, at page 478, the Court said: 'If an officer sees the fruits of crime—or what he has good reason to believe to be the fruits of crime—lying freely exposed on a suspect's property, he is not required to look the other way, or disregard the evidence his senses bring him. Law enforcement is difficult enough, without requiring a police officer to free his mind of clues lying flatly before him.'" *Com. v. Calvarese,* 199 Pa. Superior Ct. 319, 322, 185 A. 2d 657 (1962).

At this stage of the proceedings prior to the consensual search and the arrest there was no violation of the appellant's constitutional rights.

"In passing upon the 'reasonableness' of a search and seizure, a preliminary, and most important, question is whether Mapp requires that state courts determine the 'reasonableness' of such search and seizure in accordance with federal or state standards. To that question Mapp gives no direct answer. However, a study of Mapp would indicate that, at least by impli-

cation, state courts are still free to apply their own, rather than the federal, criteria of 'reasonableness'.

"The 'reasonableness' of a search and seizure must be determined on an ad hoc basis, i.e., on the facts and the circumstances of each particular case. In U. S. v. Rabinowitz, 339 U.S. 56, 70 S. Ct. 430, 434, the Court said: 'What is a reasonable search (and seizure) is not to be determined by any fixed formula. The Constitution does not define what are "unreasonable" searches and, regrettably, in our discipline we have no ready litmus-paper test. The recurring questions of the reasonableness of searches must find resolution in the facts and circumstances of each case.' " *Com. v. Bosurgi,* 411 Pa. 56, 190 A. 2d 304 (1963); *Com. v. Cockfield,* 411 Pa. 71, 190 A. 2d 898 (1963); *Com. v. Nicholls,* 207 Pa. Superior Ct. 410, 217 A. 2d 768 (1966).

The arrest of the appellant was not made until after they had taken possession of the package in the car and determined its contraband content. It is fundamental that the rights guaranteed by the Fourth Amendment prohibiting unreasonable searches and seizures may be waived by consent. *Zap v. U. S.,* 328 U.S. 624, 628, 66 S. Ct. 1277, 1279 (1946). This applies especially to an automobile so that one who voluntarily gives the keys of his car to an officer who finds contraband is not in a position to complain, having given his consent to the search. *Grice v. U. S.,* 146 F. 2d 849 (1945). There is no illegal search and seizure of materials found in defendant's automobile even if defendant was not under arrest, and even if the officer did not have a search warrant, if defendant freely and intelligently gave his consent to the search. *Burge v. U. S.,* 332 F. 2d 171 (1964). "Moreover, before searching the automobile, the federal agent asked Robinson for his automobile keys, told him he wanted to search it and Robinson gave him the keys without objection.

The trial court, we think, was justified in finding that this amounted to consent". *Robinson v. U. S.*, 325 F. 2d 880 (1964). See also: 47 Am. Jur. §20, page 516; 79 C.J.S. §1, 775, 776; 31 A.L.R. 2d 1081.

There is no evidence to contradict the testimony of the Commonwealth that the search was conducted with the consent and aid of the appellant who had control of the keys of the car and in fact had locked it before entering the police station. There is not a scintilla of evidence that such consent was obtained through stealth, deceit or misrepresentation. His constitutional rights were not violated when the package, in full view, was taken from the automobile with his consent and assistance. The appellant further complains that he was not informed of his constitutional rights to have counsel, to remain silent and for the further failure to warn the defendant that anything found during the search could be used against him, in violation of the defendant's rights under the Sixth and Fourteenth Amendments of the United States Constitution. This question was not raised below. This is a patent attempt to extend the principles established in *Escobedo v. Illinois*, 378 U.S. 478, 84 S. Ct. 1758 (1964), to the facts of this case.

A search and seizure may be legally made against the wishes of the defendant in the course of a valid arrest or with a search warrant with reasonable cause shown. A confession or admission cannot be obtained against the wishes of the defendant even when he has been properly warned and has counsel. There is nothing in this record to show that any statement of any kind was sought from the appellant nor was any elicited. The area covered by *Escobedo*, supra, is in the use of confessions or admissions obtained by police during the arrest or incarceration of a defendant accused of crime. We agree with the Commonwealth that "The protection arises when the police are seeking inculpa-

tory admissions which might subsequently be used in evidence. The request for appellant's consent to the examining of his automobile (which he readily could have refused) does not come remotely within the standards laid down in Escobedo."

Judgment affirmed.

HOFFMAN, J., concurs in the result.