Opinion by
 

 Montgomery, J.,
 

 Appellant-defendant Horace Dorsey was charged with the rape and murder of Mae Ola Peckman, a 61 year old female. A jury found him guilty of the rape charge but not guilty on the charge of murder. An eyewitness, Michael Honczar, had observed appellant engaging in sexual intercourse upon the unconscious body of the deceased in the exact position in which she later was found dead. Her death was due to strangulation caused by a scarf she wore tied around her neck tightening when it became impaled on a small tree stump as she staggered and fell. When found her face was bloody, her teeth had been knocked out, her sexual parts were torn and lacerated, and her naked person was exposed.
 

 Following the discovery of the body of the deceased on a vacant lot in the City of Philadelphia, Pennsylvania, by a police officer in the early morning hours of October 30, 1965, an investigation of the death was conducted by the police department. During the course of same Detective Bernard Duffy, on November 6, 1965, at 3:30 a.m., went to the home of appellant’s
 
 *342
 
 girl friend and found him there. Upon being asked to accompany the detective to the police station for interrogation appellant dressed and accompanied the detective without objection, and the interrogation was later made. During the course of the interrogation Detective Duffy noticed on the clothing being worn by the appellant what appeared to be bloodstains and he decided to procure a search warrant for the clothing, which was later procured, served on appellant, and his clothing removed at 8 p.m. In the interval during which the warrant was being procured and before it was served and the clothing removed, appellant was permitted to communicate with his mother and arranged to have a change of clothing brought to police headquarters. After his clothing was seized under the warrant appellant was immediately permitted to return home, although he was not permitted to leave before that time.
 

 The aforesaid search warrant was held invalid following a hearing held during the course of the trial in disposing of a motion for the suppression of the evidence seized thereunder. The motion was denied, however, for the reason that the evidence in question was held to have been otherwise legally seized as incident to a lawful arrest.
 
 Commonwealth ex rel. Ensor v. Cummings,
 
 416 Pa. 510, 207 A. 2d 230 (1965), is cited in the opinion of the lower court as authority for the principle that the insufficiency of a search warrant is immaterial if the search and seizure were otherwise justified. Although there may be some doubt that this issue was present in the
 
 Ensor
 
 case, we need not decide that since we conclude that there was no arrest on which such a search or seizure could be predicated in the present case.
 

 This record shows clearly that appellant was not arrested on November 6 as the felon who had com
 
 *343
 
 mitted the rape or murder of Mae Ola Peckman.
 
 [1]
 
 Detective Duffy testified he did not arrest the appellant, and his release from custody on the same day without a hearing or the posting of bail confirms this fact. An arrest, as the term is used in Criminal Law, signifies the apprehension or detention of the person of another in order that he may be forthcoming to answer for an alleged crime. 5 Am. Jur. 2d, Arrest §3; 3 P.L.E. §1. At most, appellant in the present case was arrested, as that term may be used in its broadest sense, for interrogation, or on mere suspicion, which is not considered probable cause for his arrest for the crime,
 
 Wong Sun v. United States,
 
 371 U.S. 471, 83 S. Ct. 407 (1963) ;
 
 Commonwealth v. Bosurgi,
 
 411 Pa. 56, 190 A. 2d 304 (1963), or possibly as a material witness. Searches and seizures made without a proper warrant, or which are not incident to a valid arrest, are generally regarded as unreasonable and violative of the Fourth Amendment.
 
 Commonwealth ex rel. Ensor v. Cummings,
 
 420 Pa. 23, 215 A. 2d 651 (1966);
 
 Commonwealth v. Wright,
 
 411 Pa. 81, 190 A. 2d 709 (1963);
 
 Commonwealth v. Bosurgi,
 
 411 Pa. 56, supra;
 
 Commonwealth v. Hicks,
 
 209 Pa. Superior Ct. 1, 223 A. 2d 873 (1966). It is not contended by the Commonwealth that appellant consented to the seizure of his clothing, probably, for the reason that the facts would negate such a conclusion.
 

 Therefore, we are constrained to conclude that the taking of his clothing for the purpose of a chemical analysis was an unreasonable seizure of evidence which violated appellant’s rights under the Fourth Amendment to the United States Constitution, as well as under the Pennsylvania Constitution.
 

 
 *344
 
 We cannot accept tlie Commonwealth’s argument that such seizure was related solely to the murder charge and therefore moot, in view of the brutality displayed by the rapist on the sexual parts of the decedent’s body.
 

 The jury in this case had great difficulty in arriving at a verdict and we cannot determine the importance of this inadmissible evidence as one of reasons therefor. Although there was an eyewitness to this inhuman crime, a new trial must be awarded nevertheless.
 

 Our conclusion on the question of arrest makes it unnecessary for us to resolve the other issues raised by appellant.
 

 Judgment of sentence reversed with a venire.
 

 Weight, P. J., and Hannum, J., would affirm on the opinion of Judge Spaeth.
 

 Watkins, J., dissents.
 

 [1]
 

 Appellant’s arrest as tbe felon was not made until November 10, 1965, after tbe eyewitness bad been found and a statement received from Brown, appellant’s companion.