Commonwealth *v.* Jackson, Appellant.

114

Submitted September 25, 1972. Before Jones, C. J.
Eagen, O'Brien, Roberts, Pomeroy, Nix and Manderino, JJ.

*John J. Dean* and *Sallie Ann Radick,* Assistant
Public Defenders, and *George H. Ross,* Public Defender, for appellant.

. *Carol Mary Los* and *Robert L. Eberhardt,* Assistant
District Attorneys, and *Robert W. Duggan,* District
Attorney, for Commonwealth, appellee.

Opinion by Mr. Chief Justice Jones, January 19,
1973:

This is a direct appeal from the denial of *nunc pro
tunc* post-trial motions in the court below.

On February 27, 1958, appellant was adjudged guilty of murder in the first degree. On June 26, 1958, he was sentenced to life imprisonment.*

On October 8, 1964, appellant filed a petition for a writ of habeas corpus alleging, *inter alia,* that his warrantless arrest was illegal, that the statements which he made to police officers were involuntary, that he was without custodial counsel and that he had not been advised of his right to remain silent. The petition for a writ of habeas corpus was denied on September 2, 1965.

Appellant thereafter filed a petition for a writ of habeas corpus in the federal district court. That petition was denied on January 3, 1967.

In May of 1969 appellant filed a Post Conviction Hearing Act petition. Again he alleged, *inter alia,* that he had been unlawfully arrested and that evidence introduced against him was obtained by reason of the unlawful arrest, that statements introduced against him were obtained in the absence of counsel and that his privilege against self-incrimination was thus denied. From the denial of that petition on September 9, 1970, appellant appealed to this Court. This Court reversed the denial of the PCHA petition and remanded with directions to allow the filing of post-trial motions *nunc pro tunc. Commonwealth v. Jackson,* 443 Pa. 553, 279 A. 2d 163 (1971).

Appellant, in this appeal, poses the questions whether the police had probable cause to arrest him and whether his custodial statement was, therefore, properly admitted into evidence. He also queries whether the extra-judicial statement admitted into evidence at his 1958 trial can be challenged on the basis of the decisions in *Miranda v. Arizona,* 384 U.S. 436 (1966),

---

* Appellant made motions for a new trial and in arrest of judgment on March 3, 1958, but they were withdrawn June 26, 1958.

and *Escobedo v. Illinois,* 378 U.S. 478 (1964), through the vehicle of a *nunc pro tunc* direct appeal.

The facts giving rise to appellant's claim of unlawful arrest are as follows: Appellant Jackson found Miss Irene Richardson, a woman with whom appellant had kept company, and Mr. Edward Page, deceased, in a sexual embrace in appellant's apartment. After Page left the apartment, appellant gave chase, knocking Page to the ground with a wooden plank and stabbing him to death with a butcher knife. Miss Richardson was stabbed in the breast and left shoulder while attempting to pull Jackson away from the victim.

Appellant was later apprehended while standing in a barroom. The arresting officer was possessed of an old photograph of appellant and was accompanied to the barroom premises by a prisoner informer, a man acquainted with appellant, who identified appellant as the man in the photograph, Robert H. Jackson. Jackson made no attempt to conceal himself nor did he take flight from arrest. The arrest was made without the issuance of a warrant.

It is well established that a police officer is authorized to arrest without a warrant where he has probable cause to believe that a felony has been committed and that the person to be arrested is the felon. *Draper v. United States,* 358 U.S. 307, 311 (1959); *Commonwealth v. Bosurgi,* 411 Pa. 56, 66, 190 A. 2d 304, 310 (1963). It is uncontested by appellant that the arresting officer had probable cause to believe a felony had been committed. Appellant alleges, however, that there was not probable cause to arrest him as the perpetrator of the subject homicide. He alleges particularly that the police did not know him and that the only identifying basis for the barroom arrest was an "old" photograph and the "unreliable" identification by the prisoner informer. Appellant also urges that probable

cause is vitiated by the fact that he did not attempt to hide or escape from arrest.

"Probable cause" is said to exist where facts and circumstances within the knowledge of the arresting officer are reasonably trustworthy and sufficient in themselves to warrant a man of reasonable caution to believe that the person to be arrested has committed the offense. *Henry v. United States,* 361 U.S. 98 (1959); *Draper v. United States,* 358 U.S. 307 (1959); *Husty v. United States,* 282 U.S. 694 (1931); *Carroll v. United States,* 267 U.S. 132 (1925); *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A. 2d 304 (1963). Though an arrest without warrant must rest upon more than mere suspicion, the arresting officer need not be possessed of evidence sufficient to warrant a conviction. *Wong Sun v. United States,* 371 U.S. 471 (1963).

Patrolman Michael Dougherty, who perfected Jackson's arrest, acted upon information derived from an investigation by the Pittsburgh Police Department. Two eyewitnesses to the crime reported to the police both the circumstances of the stabbing and appellant's identity. Officer Dougherty obtained an Army photograph of Jackson to familiarize himself with the appellant's features. Officer Dougherty brought along a male prisoner acquainted with Jackson in searching the area of appellant's discovered whereabouts and obtained a positive identification of appellant before making the arrest. Appellant's contention that this arrest was lacking in probable cause is without merit. That appellant did not flee the scene of his arrest has no negative effect on an arrest not otherwise lacking in probable cause.

Notwithstanding that he was lawfully arrested, appellant argues that police extracted from him an inculpating custodial statement in the absence of counsel. He urges that although the trial of his case predated the decisions in *Miranda* and *Escobedo,* he should be

permitted to benefit from the present state of the law regarding custodial interrogation.

The question whether the decisions in *Miranda* and *Escobedo* should be retroactively or prospectively applied was answered by the United States Supreme Court in *Johnson v. New Jersey*, 384 U.S. 719 (1966). The Supreme Court held that these cases should apply prospectively to cases where the trials have commenced after the decisions in *Escobedo* and *Miranda* were announced, June 22, 1964, and June 13, 1966, respectively. 384 U.S. at 734.

Appellant posits that the nunc pro tunc posture of this appeal should permit the assertion of the principles established by *Miranda* and *Escobedo* because his conviction is not "final" until he has exhausted his right to direct appeal. Since *Johnson* decided that the *commencement* of the trial prior to the decision dates in *Miranda* and *Escobedo* prohibits the assertion of the principles set forth in those cases, the finality issue raised by appellant is irrelevant. The principles of *Miranda* and *Escobedo* are not here available.

Judgment of sentence affirmed.

Mr. Justice NIX concurs in the result.

Mr. Justice MANDERINO dissents.