## Commonwealth, Appellant, *v.* Tate.

Argued April 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Charles W. Johns*, Assistant District Attorney, with him *Robert L. Eberhardt*, Assistant District Attorney, *John M. Tighe*, First Assistant District Attorney, and *John J. Hickton*, District Attorney, for Commonwealth, appellant.

*John H. Corbett, Jr.*, Trial Defender, with him *John J. Dean*, Chief, Appellate Division, and *Ralph J. Cappy*, Public Defender, for appellee.

OPINION BY PRICE, J., October 28, 1975:

The appellee was indicted for violation of The Controlled Substance, Drug, Device and Cosmetic Act.[1] Appellee's pre-trial motion to suppress evidence was granted by the lower court, and the Commonwealth appeals that determination. We find the suppression was improperly granted and will, therefore, reverse the lower court's order.

The facts as found in the record indicate that on April 22, 1974, while patrolling in his car in the Hill District of Pittsburgh, Police Officer Ralph McDaniel received a call from his home office directing him to meet an informant. Officer McDaniel proceeded to the designated rendezvous and was met by an individual who was well known to him and who had previously supplied information resulting in convictions. The informant indicated that he had just been in Lena's Bar, a local establishment, and had seen a person whom he knew only as "Leonard" selling heroin wrapped in silver packets to three separate persons. He told the officer that

1.  Act of April 14, 1972, P.L. 233, No. 64, §1 (35 P.S. §780-101) *et seq.*

he had witnessed the exchange of the narcotics for money and that "Leonard" still had a number of the packets in his possession. The informant then gave a detailed description of "Leonard" as being dark skinned, having a beard, and wearing glasses, green trousers, a black trench coat, and a blue jean hat or cap.

The informant indicated that time was critical, and Officer McDaniel radioed for another police car to aid in the arrest. As the officers entered the bar, they saw the appellee, who fit the description given. The police approached the appellee, identified themselves, and searched appellee. Thirteen packets of heroin were found and seized.

It is fundamental that probable cause must exist to support *any* search, whether it be with a warrant or without one. *United States v. Rubin,* 474 F.2d 262 (3d Cir. 1973). We must, therefore, first determine if sufficient probable cause existed to justify a search of appellee.

The United States Supreme Court in *Aguilar v. Texas,* 378 U.S. 108 (1964), enunciated the standard for determining the sufficiency of the probable cause supporting a search.[2] The court there stated, in effect, that: (1) the officer must know the underlying circumstances from which the informer concluded that the suspect was guilty of a crime, and (2) the officer must have some reason to believe the informer is telling the truth. The first requirement is met where the informant tells the officer how the information was obtained or describes the criminal activity in detail, *see Commonwealth v. Soychak,* 221 Pa. Superior Ct. 458, 289 A.2d 119 (1972) ; the second requirement may be met if the informant has furnished

---

2. Although *Aguilar* was concerned with sufficient probable cause to secure a warrant, the standards apply with equal authority for determining probable cause for any search, with or without a warrant.

reliable information in the past. *See Commonwealth v. Samuels,* 235 Pa. Superior Ct. 192, 340 A.2d 880 (1975). In addition, even where the information supporting probable cause consists, to a large extent, of hearsay, our courts have permitted the use of such hearsay to establish probable cause. *Commonwealth v. Falk,* 221 Pa. Superior Ct. 43, 290 A.2d 125 (1972).

When we apply the present facts to the above guidelines, we have no difficulty in concluding that probable cause did exist. Officer McDaniel was told by a reliable informant that a person was presently engaged in selling narcotics. The informant told the officer where the illegal transactions were being conducted and gave a complete and accurate description of the alleged suspect. When the officers entered the bar, they observed appellee, who fit the description. Although the officers personally observed no criminal activity, they had enough information to justify the search.

The only other question with which we are faced is the propriety of the search conducted without a warrant. "The Fourth Amendment [to the United States Constitution] does not prohibit warrantless searches, but rather unreasonable searches." *United States v. Samuels,* 374 F. Supp. 684, 685 (E.D. Pa. 1974). We must now determine if the warrantless search in this case was "reasonable."

It is held that the reasonableness of a search depends upon the facts and circumstances of each particular case. *United States v. Samuels, supra; cf. Commonwealth v. Cockfield,* 411 Pa. 71, 190 A. 2d 898 (1963), *cert. denied,* 375 U.S. 920 (1963); *Commonwealth v. Anderson,* 208 Pa. Superior Ct. 323, 222 A.2d 495 (1966). It is also determined that "exigent circumstances" may render a warrantless search reasonable. *Coolidge v. New Hampshire,* 403 U.S. 443 (1971).

Officer McDaniel testified that he did not obtain a warrant because he feared that in the time it would

have taken him to secure a warrant, the appellee would have disposed of the narcotics and escaped. This has been held to be such an "exigent circumstance" which absolves the police from the necessity of a warrant. As the Third Circuit Court of Appeals correctly noted: "When Government agents, however, have probable cause to believe contraband is present and, in addition, based on the surrounding circumstances or the information at hand, they reasonably conclude that the evidence will be destroyed or removed before they can secure a search warrant, a warrantless search is justified." *United States v. Rubin,* 474 F.2d 262, 268 (3d Cir. 1973).

The delay required to secure a warrant in the case at bar would have quite possibly enabled appellee to sell the remaining packets of heroin and leave the scene or move on to another location to conduct his activities. This is not a situation where officers failed to obtain a warrant solely because they did not want to expend the required time or because of slight inconvenience, but rather a situation where time was vital to a successful case. Sufficient probable cause existed for the search and sufficient justification existed for conducting it without a warrant. When determining if a search is reasonable, we balance the rights of the citizen with the rights of society as a whole. *Commonwealth v. Swanger,* 453 Pa. 107, 307 A.2d 875 (1973). The present search was reasonable.

The order of the lower court suppressing the evidence is reversed.

SPAETH, J., concurs in the result.

———

CONCURRING OPINION BY HOFFMAN, J.:

While I agree with the Majority that the lower court erred in granting appellee's pre-trial suppression motion, I reach this conclusion based on the belief that there was probable cause to arrest and that the search of appellee's person was a search incident to a valid arrest.

It is well-established that a police officer is authorized to arrest without a warrant when he has probable cause to believe that a felony has been committed and that the person to be arrested is the felon. *Commonwealth v. Jackson,* 450 Pa. 113, 299 A.2d 213 (1973) ; *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A.2d 304 (1963). Probable cause exists when an officer is possessed of facts from a trustworthy source which would warrant a man of reasonable caution in the belief that an offense has been committed or is being committed and that the person to be arrested has committed or is committing the offense. *Commonwealth v. Jackson,* supra; *Commonwealth v. Bosurgi,* supra. It is clear that a warrantless search of the person incident to a lawful arrest does not offend the Fourth Amendment. *Commonwealth ex rel. Ensor v. Cummings,* 416 Pa. 510, 207 A. 2d 230 (1965).

Officer Ralph McDaniel was given information by an informant whose reliability was clearly established by past dealings leading to the arrest and conviction of other drug offenders. The prerequisite reliability of the information rested on personal observation by the informant of criminal activity. The informant supplied McDaniel with a complete, detailed description of the appellee. McDaniel called for assistance and proceeded to the bar where the informant had said appellee could be found. McDaniel entered the bar with the other officers, identified himself, and immediately proceeded to search the appellee. Thus, the seizure and search of appellee's person were inextricably bound together. The seizure of the person in order to effect the search and the detention of the person, i.e. the arrest, are one and the same.

There are other types of cases presenting different factual situations in which it will be important to separate analytically the arrest and the search. For example, when the search yields evidence which supplies the elements of probable cause necessary to support the arrest, it may be essential to fix with some precision the moment

when the arrest is effected. See *Commonwealth v. Dorsey,* 212 Pa. Superior Ct. 339, 243 A. 2d 176 (1968).; *Commonwealth v. Kloch,* 230 Pa. Superior Ct. 563, 327 A.2d 375 (1974). In the instant case, however, in view of the fact that probable cause to arrest was already present, such an analytic distinction is unnecessary.

"It is well settled under the Fourth and Fourteenth Amendments that a search conducted without a warrant issued upon probable cause is '*per se* unreasonable . . . subject only to a few specifically established and well-delineated exceptions.' " *Schneckloth v. Bustamonte,* 412 U.S. 218, 219 (1973) (Citations omitted). The Majority refers to the destructible or transient nature of the evidence to justify a search, not as a search incident to arrest, but as a search based on "exigent circumstances." I see no reason to employ the notion of "exigent circumstances" to justify a warrantless search, when the more limited concept of search incident to an arrest will suffice. "Exigent circumstances" is a term with dangerous elastic properties. It is the *rationale* which underpins certain other circumscribed search warrant exceptions recognized by our courts. The concept as it is employed by the Majority would give law enforcement agencies too great a license to dispense with the constitutional protections of a warrant in a whole host of factual situations not contemplated by the facts of this case.

JACOBS, J., joins in this concurring opinion.