366 A.2d 306
**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Ernest PHILLIPS et al.**

Superior Court of Pennsylvania.
Submitted Nov. 17, 1975.
Decided Nov. 22, 1976.

John J. Hickton, Dist. Atty., Robert L. Eberhardt, Chas. W. Johns, Asst. Dist. Attys., Pittsburgh, for appellant.

John H. Pope, John J. Klein, Pittsburgh, Bert M. Moldovan, McKeesport, John J. Dean, Anthony J. Lalama, Pittsburgh, for appellees.

44

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

In December of 1974, appellees were indicted on charges of possession of a controlled substance,[1] possession with intent to deliver[2] and criminal conspiracy.[3] After a hearing, the lower court granted appellees' applications to suppress certain evidence obtained during a warrantless search, declaring that (1) there were no exigent circumstances justifying the warrantless search and (2) the officers failed to comply with "knock and announce" principles prior to their entry. We reverse the order of the court below.

At the suppression hearing, the following facts developed. Around 9 p. m. on August 8, 1974, Kenneth Ujerich, the police chief of the City of Clairton, while at home, received a phone call from a reliable informant who stated that narcotic dealings were in progress at 158 Lincoln Way. Chief Ujerich drove to the station-house where he met with two other officers. At approximately 9:15 p. m. the three officers met the informant at a prearranged point. The informant explained that he had been to the home of Carol Murphy Williams and that the appellees were in the process of cutting and packaging a substantial quantity of heroin. He warned the officers that appellees intended to leave the house within twenty minutes.

The officers returned to the station-house and attempted to locate a magistrate to obtain a warrant. The local magistrate, however, was not at his home or office. At-

1. Act of April 14, 1972, P.L. 233, No. 64, § 13(a)(16), (35 P.S. § 780–113(a)(16)) *as amended.*

2. Act of April 14, 1972, P.L. 233, No. 64, § 13(a)(30), (35 P.S. § 780–113(a)(30)) *as amended.*

3. 18 Pa.C.S. § 903.

tempts were made to reach a second magistrate in the nearby Borough of Glassport. These efforts also proved fruitless. The next closest magistrate was in the City of Pittsburgh, a forty minute drive from Clairton. Believing it futile to attempt the trip to Pittsburgh, Chief Ujerich sent an officer, Lieutenant Milas, to Glassport to locate the magistrate. The remaining officers proceeded to 158 Lincoln Way.

Upon arrival at the scene, the officers surrounded the house. At this time, however, there was no way of knowing whether the appellees were still present or, if so, how long they intended to remain. Moreover, a number of people had congregated near the officers and were "making a lot of noise." Chief Ujerich testified that "I was surprised that no one inside heard them. They were all screaming at us. . . ." Chief Ujerich radioed Lieutenant Milas, who had not yet reached the Borough of Glassport, and ordered his return, explaining that they could not wait any longer before entering the apartment.

Several officers then approached the house and knocked several times. Carol Williams came down a set of stairs and asked who was at the door. Chief Ujerich informed her that they were police officers, whereupon she opened the door. Looking through the doorway, the officers observed three individuals sitting at the dining room table. The table was laden with heroin and various cutting and packaging paraphernalia. The appellees saw the officers and attempted to escape. The officers entered and arrested the three men.

The first issue presented is whether under the Fourth Amendment to the United States Constitution the officers acted properly in conducting a warrantless search of the premises in question. It is well established that the Fourth Amendment does not prohibit all warrantless searches, only those that are unreasonable. *United*

*States v. Rabinowitz,* 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1949); *Commonwealth v. Tate,* 237 Pa.Super. 104, 346 A.2d 570 (1975), *citing United States v. Samuels,* 374 F.Supp. 684 (E.D.Pa.1974). What is a reasonable search cannot be determined by any fixed formula. Such a decision must be based on the facts and circumstances of each particular case. *United States v. Samuels, supra; Commonwealth v. Cockfield,* 411 Pa. 71, 190 A.2d 898 (1963), *cert. denied,* 375 U.S. 920, 84 S.Ct. 265, 11 L.Ed.2d 164 (1963); *Commonwealth v. Czajkowski,* 198 Pa.Super. 511, 182 A.2d 298 (1962). It has been established, however, that "exigent circumstances" may render a warrantless search reasonable. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *United States v. Rubin,* 474 F.2d 262 (3rd Cir.), *cert. denied,* 414 U.S. 833, 94 S.Ct. 173, 38 L.Ed.2d 68 (1973).

In *Commonwealth v. Tate,* 237 Pa.Super. 104, 346 A.2d 570 (1975), an officer, after receiving an informant's tip, had probable cause to believe that the defendant was selling heroin in a local bar and that he still had several packets in his possession. The informant had indicated that time was critical so the police approached the defendant, searched him, and found a quantity of heroin. In that case we held that sufficient exigent circumstances were presented when an officer did not obtain a warrant because he feared that in the time in which it would have taken to obtain a warrant, the defendant would have disposed of the narcotics and escaped.

In *Commonwealth v. Tate, supra,* we cited with approval the United States Court of Appeals for the Third Circuit in *United States v. Rubin, supra,* where federal agents had probable cause to believe that a quantity of hashish was located in a particular house. The agents arrested one of the suspects at a gasoline station about 6 blocks from the residence in question. As he was being taken into custody, the suspect implored bystanders to

"call my brother." Fearing that the hashish would be destroyed, the agents searched defendant's home without a warrant. Upon reviewing the facts the warrantless search was upheld because "customs agents 'might reasonably have believed that [they were] confronted with an emergency, in which the delay necessary to obtain a warrant, under the circumstances, threatened "the destruction of evidence." ' " *United States v. Rubin, supra* at 269, *quoting Schmerber v. California,* 384 U.S. 757, 770, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).

The appellees in the instant case do not deny that the Commonwealth had sufficient probable cause to obtain a search warrant. The only issue, therefore, is whether, under the circumstances, the search was reasonable. In many ways, the facts before us demonstrate greater exigent circumstances than were present in either *Tate* or *Rubin.* Chief Ujerich made several bona fide attempts to locate a magistrate. Additionally, the officers could reasonably have believed that the suspects would be warned by the bystanders who were creating a disturbance. Therefore, the search was proper.

As a second ground for suppressing the evidence, the judge held that the officers failed to announce their purpose prior to entry. An examination of *Commonwealth v. Newman,* 429 Pa. 441, 240 A.2d 795 (1968), and cases subsequent to it, indicates that an announcement of authority and purpose is required before officers can make a forcible entry. *See, e. g., Commonwealth v. Newman,* 429 Pa. 441, 240 A.2d 795 (1968) (door broken in with sledge hammer); *Commonwealth v. Samuels,* 235 Pa.Super. 192, 340 A.2d 880 (1975) (door opened when officer knocked); *Commonwealth v. Clemson,* 234 Pa. Super. 191, 338 A.2d 649 (1975) (door opened by use of pass key). In the instant case, there was no forcible entry. After the police knocked, Carol Williams asked who was at the door and they responded "police officers." The officers entered only after she opened the door.

Assuming that the "knock and announce" rule would apply to the instant case there were sufficient exigent circumstances to permit admission of the evidence. When Carol Williams opened the door, the appellees recognized their visitors as police officers and "began scrambling." At this point the officers had "valid grounds for virtual certainty that the persons inside knew their identity and purpose. Useless gestures are not necessary." *Commonwealth v. Fisher*, 223 Pa.Super. 107, 112, 296 A.2d 848, 851 (1972).

For the above reasons, the order of the lower court is reversed and the case is remanded for trial.

WATKINS, President Judge, and HOFFMAN and SPAETH, JJ., dissent for reasons stated by the court below.