408 A.2d 1144

**COMMONWEALTH of Pennsylvania**

v.

**Malcolm LINCH, Appellant.**

Superior Court of Pennsylvania.

Argued March 12, 1979.

Filed Aug. 23, 1979.

560

Daniel W. Shoemaker, York, for appellant.

John C. Uhler, District Attorney, York, for Commonwealth, appellee.

Before VAN der VOORT, WATKINS and LIPEZ, JJ.

VAN der VOORT, Judge:

This is an appeal from a conviction and sentencing for unlawful possession of drugs with intent to deliver.

The controlling question is whether the evidence used to sustain the conviction should have been suppressed.

The defendant filed a pre-trial application to suppress the evidence procured, as defendant claimed, in "an unlawful and unconstitutional search" of defendant's premises. The Court took testimony which developed these facts, as summarized by the Pre-trial Judge:

The essential facts on the search issue are as follows: On August 18, 1976 at approximately 5:30 P.M. a York City Detective received a call from a confidential informant advising that drugs were being divided and packaged at a city address, that this was now taking place, and that he should hurry if he wished to obtain evidence of the situation before the people involved disbanded. Coinci-

dentally, the Detective had just left the office of a city Magistrate after having obtained a Warrant in another matter, and knew that the Magistrate had gone home. He was also aware that there would be a significant delay involved in calling the duty magistrate and waiting for him to arrive at the duty office, filling out the necessary forms, and so forth. He therefore, called the District Attorney to see if he could proceed without a Warrant, which involved a delay of approximately 15 minutes. Thereafter he assembled the required assistance and arrived at the premises and initiated the search at approximately 6:05. The Detective knocked on the front door, announced police, waited approximately 10 to 15 seconds, and then kicked the door in. . . .

The lower court ruled that there were present such "exigent circumstances" as would justify legally a forced entry, arrest and search under *Commonwealth v. Tate,* 237 Pa.Super. 104, 346 A.2d 570 (1975). See also *Commonwealth v. Phillips,* 244 Pa.Super. 42, 366 A.2d 306 (1976) where the facts are somewhat similar and our court sustained the legality of the search. As Judge Price points out in that case, only "unreasonable" searches without a warrant violate the Fourth Amendment, and what constitutes a "reasonable search" is dependent on the facts and circumstances of each particular case.

In this present case we conclude that there was insufficient evidence of such probable cause and urgency to excuse the failure of the arresting officers to secure a warrant. There was no testimony as to the reliability of the police officer's "confidential informant", and there were no additional circumstances developed at the suppression hearing establishing that crimes would have been committed and the evidence of crime would have escaped except for the actions of the police officers.

See *Commonwealth v. Milliken,* 450 Pa. 310, 313, 300 A.2d 78 (1973), and *Commonwealth v. Emerich,* 225 Pa.Super. 163, 310 A.2d 390 (1973).

Defendant also complains that he was not arraigned within a reasonable time after arrest, and that there was error in

permitting certain exhibits to go to the jury. Those matters are unimportant to the decision of this case, if we hold, as we do hold, that there was not requisite proof of guilt of defendant if there were stricken from the record the evidence obtained in the improper entry and search of defendant's premises.

The judgment of sentence is vacated and the defendant discharged.