406 A.2d 1026

**COMMONWEALTH of Pennsylvania**

v.

**J. Oscar WAGNER, Appellant.**

Supreme Court of Pennsylvania.

Submitted May 21, 1979.

Oct. 4, 1979.

550

E. Franklin Martin, Asst. Public Defender, for appellant.

John R. Walker, Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO, LARSEN, and FLAHERTY, JJ.

### OPINION OF THE COURT

FLAHERTY, Justice.

Appellant, J. Oscar Wagner, was tried by a jury and convicted of aggravated assault. The Superior Court affirmed per curiam. *Commonwealth v. Wagner*, 250 Pa.Super. 644, 379 A.2d 615 (1977). Post trial motions were denied. In the appeal before us, appellant contends, inter alia, that he was the subject of an unlawful arrest. We agree and accordingly reverse the judgment of sentence and discharge the appellant.

The relevant facts are these: one Veloris Dean was charged with and plead guilty to the theft of various tools and equipment. The theft occurred in July, 1974. At sentencing, Dean volunteered information implicating appellant as an accomplice. A state trooper who was in the courtroom at the time of sentencing overheard this colloquy between the court and Dean. Later, upon further questioning, Dean advised the trooper that appellant had participated in the theft, that he had split the stolen property and money with Dean, and that he was living with Dean's sister, Vellora Short, at 535 Rife Street, Chambersburg, Pennsylvania. Dean described appellant's automobile as "a white Hornet with the rear end or trunk lid smashed in."

The trooper relayed this information to his superiors, who thereupon directed Trooper R. W. Lingenfelter to obtain a warrant for appellant's arrest and to apprehend him. Lingenfelter proceeded to the Office of the District Justice, where he relayed the facts. After the Complaint was prepared, Lingenfelter was put under oath by the District Justice and swore to the facts set forth in the Complaint, which are as follows:

"Count 1 THEFT—That he did there and then unlawfully take or exercise unlawful control over, movable property of another with intent to deprive him thereof. Items stolen were: various Quarry tools, belonging to Joseph R. Zeek, R.D. 1, Orrstown, Pa. 17240. Value of items $150.00 Count 2—THEFT—That he did there and then unlawfully or exercises unlawful control over movable property of another with intent to deprive him thereof. Items stolen were approx. 140 lb. copper wire and damaged a security light. Total value $175.00, belonging to Adams Ele. Co. Op. 204 W. King Street, Shippensburg, Pa. 17257 . . . "

Based upon these facts, the District Justice concluded that there was probable cause to issue an arrest warrant and so issued one at approximately 3:45 p. m. on January 15, 1975.

Trooper Lingenfelter proceeded immediately to 535 Rife Street in search of appellant. No one was home and he did not observe the white Hornet in the area.

Lingenfelter returned to 535 Rife Street at approximately 7:30 p. m. that evening. This time he observed the white Hornet with the smashed-in trunk lid, and as he approached the house he observed a man dart past the window. A small boy, approximately five or six years old, answered the trooper's knock and told him that the appellant was there. Mrs. Short, the owner of the premises, then came to the door and in response to the trooper's request stated that appellant was not there. At the same time the little boy repeated several times that appellant was in the home.

Trooper Lingenfelter left the premises and reported to his superior that he believed appellant was in the home. He was advised that Trooper David Burke would be sent to assist him.

Accompanied by Trooper Burke, Trooper Lingenfelter returned to 535 Rife Street at about 8:00 p. m. Mrs. Short answered the door. Trooper Lingenfelter identified himself as a police officer, stepped into the home, stated that he had an arrest warrant for appellant and that he believed he was hiding there. At that time, one James Pine appeared and

stated that he was the male Trooper Lingenfelter had seen in the window.

In the hallway, Mrs. Short advised the officers that she objected to their presence in her home without a search warrant. Trooper Lingenfelter again told her that he believed appellant was hiding there, and she persisted in her statements that he was not present.

At that time, Trooper Lingenfelter observed a light in the bedroom and proceeded to enter that room. He announced, "J. Oscar Wagner, I have a warrant for you." Lingenfelter opened up the closet door, whereupon he was confronted by appellant who was holding a revolver and pointing it at him. Appellant ordered the trooper to "put up his hands" and stated that he was not being taken, that he would not go with the trooper, and that he wanted to see a search warrant. Lingenfelter urged appellant to give up the gun, and ultimately, with Trooper Burke's assistance secured the revolver.

Appellant was subsequently tried by jury and acquitted of the theft charges. In the instant appeal, appellant asserts that his arrest was unlawful and that as a consequence, his conviction for aggravated assault must fall.[1] We find that appellant's arrest was in violation of the 4th Amendment to the U.S. Constitution as well as Article I § 8 of the Pennsylvania Constitution and therefore hold that his conviction under 18 Pa.C.S.A. § 2702(a)(2) must be vacated.

■ Initially, we must determine whether appellant has standing to challenge the lawfulness of the search of Mrs. Short's home, which resulted in his arrest. For in seeking to arrest a person, the police are, in effect, conducting a search for that person. The appropriate inquiry in approaching the standing question is whether appellant had a reasonable

1. Appellant's conviction was based upon 18 Pa.C.S.A. § 2702(a)(2), which states: "A person is guilty of aggravated assault if he attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to a police officer making or attempting to make a *lawful* arrest." (Emphasis added). Thus, a lawful arrest is one of the elements of the crime.

expectation of privacy, i. e., freedom from governmental intrusion, in the invaded place. *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), *Katz v. U. S.,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

■ To answer this question, we must examine the nature of appellant's relationship with Mrs. Short and the circumstances surrounding his presence in her home. The record indicates that appellant and Mrs. Short were affianced and that he spent a good deal of time at her home, including nights and weekends. Indeed, Veloris Dean testified that appellant lived with his (Dean's) sister, Vellora Short. When called to testify, however, appellant gave as his address a post office box in Rouzerville, Pennsylvania. Although the record is somewhat unclear on this point, it appears that appellant shared a post office box with his sister in Rouzerville.

Given these facts,[2] we must conclude that appellant had a reasonable expectation of privacy in the premises searched. We have indicated previously that the inquiry turns upon appellant's use of the premises. *Commonwealth v. Strickland,* 457 Pa. 631, 326 A.2d 379, 382 (1974).[3] The facts

**2.** We are always reluctant to expand unnecessarily the concept of standing for purposes of the 4th Amendment. Indeed, we do not recognize standing to raise vicarious 4th Amendment claims, as such a policy would necessarily mean a more widespread invocation of the exclusionary rule during criminal trials. As was stated in *Rakas v. Illinois,* supra, "(e)ach time the exclusionary rule is applied it exacts a substantial social cost for the vindication of Fourth Amendment rights. Relevant and reliable evidence is kept from the trier of fact and the search for truth at trial is deflected." 99 S.Ct. at 427. Of course, the exclusionary rule is not called into play here, as no physical evidence was seized and subsequently offered at trial.

**3.** In *Stickland,* we held that "a person is entitled to the protection of the Fourth Amendment at any residence where he has a reasonable expectation of privacy." There, appellant had maintained two residences—one during the week and one on weekends. Appropriately, he was protected from unreasonable governmental intrusion in both places.

In *Commonwealth v. Raymond,* 412 Pa. 194, 194 A.2d 150 (1963), we declined to find standing where appellant sought to suppress evidence seized from a cousin's house in which he had slept occasionally, never remaining more than a single night. Notwithstanding

indicate that the Short home was tantamount to being appellant's residence (or at least one of his residences); therefore, he had a reasonable expectation of privacy therein.

■ Having determined that appellant has standing, we now turn to a consideration of the lawfulness of his arrest. The initial inquiry concerns the validity of the arrest warrant. The Commonwealth concedes in its brief that there is not a sufficient showing of probable cause on the face of the affidavit and hence, that the warrant is invalid. We agree, for the reason that the affidavit did not contain sufficient information for the issuing magistrate to independently conclude that probable cause existed for the arrest. *Whiteley v. Warden*, 401 U.S. 560, 564, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971), *Commonwealth v. Flowers*, 245 Pa.Super. 198, 369 A.2d 362 (1972).

■ Given that the warrant is insufficient, we must determine whether there exist any grounds to support a warrantless arrest. In approaching this question, it is necessary to note 18 Pa.C.S.A. § 3904, which gives the police "the same right of arrest without a warrant for any grade of theft as exists or may hereafter exist in the case of the commission of a felony". It is well established that a warrantless arrest for a felony will be upheld where the police have probable cause to believe that a felony has been committed and that the person to be arrested is the felon. *Commonwealth v. Jackson*, 450 Pa. 113, 299 A.2d 213 (1973). The same rule applies to theft offenses by virtue of 18 Pa.C.S.A. § 3904. However, the right to execute a warrantless arrest within a private dwelling has been strictly curtailed by our decision in *Commonwealth v. Williams*, 483 Pa. 293, 396 A.2d 1177 (1978). There, we held that an arrest warrant is required to validly arrest someone in his home unless exigent circumstances exist to justify the warrantless intrusion.

that *Raymond* was decided in the era pre-*Katz*, our decision hinged upon the fact that appellant's visits were infrequent, irregular and brief, thereby rendering any expectation of privacy he might have had clearly unreasonable. Such is not the case here.

■ The Commonwealth has urged upon us in its brief that the Short residence was also appellant's "home", and thus the entry by the police did not constitute entry into the home of a third person. We have stated that notwithstanding the fact that Mrs. Short actually owned the house, appellant was living there and hence, it was his home as well. Consequently, the standards set forth in *Williams* governing entry into the arrestee's home for the purpose of making an arrest control the instant case.[4]

■ The first step in determining whether the warrantless arrest will be upheld is to ascertain whether there existed probable cause at the time of the arrest. Probable cause exists if "the facts and circumstances which are within the knowledge of the officer at the time of arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime." *Commonwealth v. Perry*, 468 Pa. 515, 520, 364 A.2d 312, 315 (1976), *Commonwealth v. Culmer*, 463 Pa. 189, 344 A.2d 487 (1975).[5] We have repeatedly acknowledged that a statement by one defendant, implicating himself and another who has participated in the crime will supply the probable cause for a warrantless arrest of the co-participant. *Commonwealth v.*

4. Appellant asserts that a search warrant is required to validly execute an arrest warrant, at least where the premises do not belong to the suspect. In light of the fact that we find the arrest warrant invalid and no exigencies sufficient to justify a warrantless intrusion, we are able to invalidate the arrest on these grounds and need not reach the question of whether a search warrant is required to execute an arrest warrant in a private dwelling, whether it be the home of the arrestee or the home of a third person.

5. It is not necessary for the arresting officer to have personal knowledge of the information which supported the probable cause for the arrest. The operative question is whether the officer who ordered the arrest had sufficient information to support a finding of probable cause. *Commonwealth v. Kenney*, 449 Pa. 562, 566, 297 A.2d 794 (1972). In the instant case, the trooper who acquired the information from Dean at the time of his sentencing relayed this information to his superior, who thereupon ordered Trooper Lingenfelter to make the arrest. The key, then, is whether the information supplied by Dean was sufficient to establish probable cause. See *Commonwealth v. Taylor*, 472 Pa. 1, 13, 370 A.2d 1197 (1977).

*Perry,* 468 Pa. at 520, 364 A.2d 312, *Commonwealth v. Kenney,* 449 Pa. 562, 567, 297 A.2d 794 (1972).

Having satisfied ourselves that probable cause existed to believe appellant had committed a crime, the final step is to ascertain whether there were exigent circumstances sufficient to justify a warrantless intrusion into a private dwelling to effectuate the arrest.

We recognized several factors in *Williams,* supra, as bearing upon the issue of exigent circumstances. Among the factors to be considered are: (1) the gravity of the offense, (2) whether the suspect is reasonably believed to be armed, (3) whether there is above and beyond a clear showing of probable cause, (4) whether there is strong reason to believe that the suspect is within the premises being entered, (5) whether there is a likelihood that the suspect will escape if not swiftly apprehended, (6) whether the entry was peaceable, and (7) the time of the entry, i. e., whether it was made at night. These factors are to be balanced against one another in determining whether the warrantless intrusion was justified.

In the instant case, the following factors would weigh in favor of upholding the warrantless intrusion. First, the police had a very strong showing of probable cause to arrest appellant. Second, the police had good reason to believe appellant was in the premises, as he was described as living there by Veloris Dean. Also, Dean advised the police that appellant drove a white Hornet with the trunk lid smashed in. A car fitting this description was parked in front of the home at the time the police entered. Moreover, the young child who originally answered the door repeatedly asserted that appellant was in the home. Third, the intrusion at 8:00 p. m. is to be considered a daytime entry. See Pa.R.Cr.P. 2005(e).

The remaining factors weigh against allowing the warrantless intrusion. The Commonwealth concedes that the theft involved herein was not a crime of violence and was not what is considered a grave offense. Trooper Lingenfel-

558

ter had no reason whatsoever to believe appellant was armed and dangerous, even though in fact he was. Even more importantly, there was little need of swift apprehension. The theft had occurred some six months earlier and there was no indication that appellant would escape if not apprehended immediately. Moreover, the entry was forcible; Mrs. Short strongly objected to the trooper's entry into her home. It is clear that these four factors heavily outweigh the factors supporting the warrantless intrusion and militate against our finding the arrest lawful. We therefore conclude that under these circumstances the police should have obtained a valid arrest warrant and thus that the arrest was illegal.

Having determined that appellant's arrest was unlawful, we are compelled to reverse the judgment of sentence. Although appellant was indicted for and the jury instructed as to the charge of recklessly endangering another person, the trial judge further instructed the jury to disregard the recklessly endangering charge in the event that it found appellant guilty of aggravated assault. Such charge was apparently based on the presumption that recklessly endangering another person is a lesser offense included within aggravated assault. Thus, the jury, upon finding appellant guilty of aggravated assault did not proceed to consider appellant's guilt or innocence on the recklessly endangering charge. This being the case, we must discharge the appellant. To do otherwise, i. e., remand for resentencing on the recklessly endangering charge, would be to usurp the traditionally sacred function of the jury. Accordingly, appellant is discharged.

Judgment of sentence reversed and appellant discharged.

EAGEN, C. J., ROBERTS and NIX, JJ., filed a concurring opinion.

LARSEN, J., dissents.

EAGEN, Chief Justice, concurring.

I join in the opinion of the court but am constrained to point out that today's decision is confined to determining whether or not this pre—*Commonwealth v. Williams,* 483 Pa. 293, 396 A.2d 1177 (1978), arrest was legal or illegal, and does not determine whether suppression of evidence is or is not warranted in the same context. Suppression has as its primary purpose deterrence of illegal conduct and conduct occurring prior to *Commonwealth v. Williams,* supra, which is illegal solely because of new requirements announced in that case, may not justify suppression because it may not serve the purpose of deterrence. Police cannot be expected to act in accordance with unknown requirements.

I am also constrained to point out that any expectation of privacy discussion must on the facts presented be considered applicable only in the context of a warrantless search.

ROBERTS, Justice, concurring.

I join the opinion of Mr. Justice Flaherty except that portion which discusses appellant's standing concerning the legality of the search of Mrs. Short's residence. This discussion of standing is unnecessary to the proper disposition of this case.

NIX, Justice, concurring.

The single question underpinning the majority's result was the legality of the arrest of the appellant. I agree with the conclusion that the arrest within the Short's residence was an unlawful one and consequently there cannot be a conviction under 18 Pa.C.S.A. § 2702(a)(2), which expressly requires that the assault must occur during a lawful arrest. The affidavit supporting the warrant of arrest was unquestionably insufficient to provide the issuing authority with information that would allow for his independent determination of the existence of the probable cause for the seizure of appellant's person. Moreover, since the arrest was made in a home where appellant regularly resided the mandate of *Commonwealth v. Williams,* 483 Pa. 293, 396 A.2d 1177 (1978) was properly found to be applicable.

This separate opinion is occasioned by the gratuitous discussion in the majority's opinion of the question of appellant's standing to challenge the legality of a search in the Short home. This discussion was not only totally unrelated to the issues to be resolved and therefore misleading, its even greater offense is that the analysis employed, when used in context with the question of the execution of a body warrant, is erroneous. The question as to whether police officials must secure a search warrant where they intend to execute an arrest warrant for a suspect within the residence of a third party[1] has provoked disagreement among the jurisdictions considering the question[2]. See generally, *Search and Seizure, La Fave* Chpt. 6, section 6.1. Nevertheless, the overwhelming consensus appears to be that a valid arrest warrant is sufficient to sustain the arrest even where the entry may have been deemed illegal because of a violation of the search warrant provisions. *U. S. v. Cravero*, 545 F.2d 406 (5th Cir. 1976).

"To be sure, they invaded his right of liberty, but they had proper authority to do that, in the form of the arrest warrant. The invasion of appellant's right of liberty, however, was not an invasion of his right of privacy; a fugitive does not have a right of privacy if by 'privacy' is meant a right to hide from, or to resist, proper arrest."

1. The reasoning of those decisions requiring a search warrant before a legal entry may be made to execute a body warrant for a suspect in the home of a third party is not compelling where the execution of the warrant of arrest is executed in the residence of the fugitive. If the validity of the search was critical in this case, the determination of whether the Short's home could be considered appellant's residence might be dispositive and certainly deserving of a more in depth consideration than given by the majority.

2. In *U. S. v. Harper*, 550 F.2d 610 (10th Cir. 1977), the court held that where police authorities have obtained a warrant of arrest they need not secure a search warrant to enter the premises of a third party to effectuate that arrest.

In *U. S. v. Cravero*, 545 F.2d 406 (5th Cir. 1976) a panel concluded that the rules governing searches should apply with equal force to an arrest entry into a third party's home. On rehearing the court en banc held that where an officer has a valid warrant of arrest and reasonably believes his subject is within the premises of a third party no search warrant for the premises is required.

*Commonwealth v. Stanley,* —— Pa.Super. ——, ——, 401 A.2d 1166, 1177 (1979) (Spaeth J., dissenting opinion)[3].

Where the only "fruit" of the search being considered is the legality of the arrest, as is the case in this appeal, it is misleading to suggest that appellant has an expectation of privacy or that his arrest may be invalidated if there was an offensive intrusion upon the Fourth Amendment rights of the third party. It is for these reasons that I can only concur in the judgment of the Court.

---

3. This portion of the dissenting opinion was joined in by the full court. *Commonwealth v. Stanley,* supra at ——, 401 A.2d 1170.