568

583 A.2d 427

COMMONWEALTH of Pennsylvania, Appellee,

v.

Anthony SLAUGHTER, Appellant.

Supreme Court of Pennsylvania.

Submitted Sept. 24, 1990.

Decided Dec. 20, 1990.

Shelley Stark, Chief–Appellate Div., Office of the Public Defender, Pittsburgh, for appellant.

Robert E. Colville, District Atty., Claire C. Capristo, Deputy Dist. Atty., Kemal Alexander Mericli, Michael W. Streily, Asst. Dist. Attys., Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

Anthony Slaughter (Appellant) was charged with an attempt "to commit the crime of theft of a Volvo automobile," a felony of the third degree. He was tried without a jury and was found guilty. On direct appeal, a three-judge panel of the Superior Court reversed and set aside the judgment of sentence for attempted theft of an automobile and remanded for the imposition of sentence for the crime of attempted theft of the contents of the involved vehicle 390 Pa.Super. 657, 561 A.2d 822. Appellant was never charged with this crime and the Commonwealth concedes that to sentence him for such a crime clearly violates the Sixth Amendment of the Federal Constitution. We agree.

The Superior Court erred in remanding this matter for imposition of a sentence for a crime for which Appellant was neither charged nor convicted because an appellate court may not "mold" a criminal verdict as was done here. In *Commonwealth v. Wagner*, 486 Pa. 548, 406 A.2d 1026 (1979), our Court specifically rejected the notion that an appellate court may refashion the conviction of a jury into one based on a lesser-included offense. That precedent applies equally here.

Accordingly, the order of the Superior Court must be reversed and the Appellant discharged.