J-S22012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| THOMAS K. ZDRAHAL | |
| Appellant | No. 1031 WDA 2014 |

Appeal from the Judgment of Sentence October 19, 2011
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0001826-2010

BEFORE:  PANELLA, J., LAZARUS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JUNE 15, 2015**

Appellant, Thomas K. Zdrahal, appeals from the judgment of sentence entered October 19, 2011, by the Honorable Richard Mancini, Court of Common Pleas of Beaver County.  We affirm.

We take the underlying facts in this matter from the suppression court's May 13, 2011 opinion denying Appellant's suppression motion.  On November 8, 2008, New Brighton Police Officer Scott Sullivan conducted a routine traffic stop. During the stop, the motorist offered to assist law enforcement by acting as an informant and purchasing narcotics.  The informant exchanged text messages with Appellant and made arrangements to purchase Oxycodone at a parking lot in New Brighton.  New Brighton

_____

[*] Retired Senior Judge assigned to the Superior Court.

Police Officer Ronald Hogue and several nearby police officers observed the transaction. After purchasing the narcotics, the informant signaled to the police, who stopped Appellant's vehicle. A search incident to Appellant's arrest revealed narcotics, paraphernalia, money received from the informant, and an Apple iPhone cellular telephone.

On November 10, 2008, Officer Sullivan obtained a search warrant for the Apple iPhone in order to uncover information regarding drug activity. While executing the search warrant, officers discovered pictures of what appeared to be minors in various stages of undress. The officers immediately discontinued the search and obtained a second search warrant. A search conducted by Pennsylvania State Police pursuant to that second warrant disclosed several images of child pornography on Appellant's iPhone.

Prior to trial, Appellant filed a Motion to Suppress Evidence, in which he alleged that the search warrant was overbroad and unsupported by probable cause. Following a hearing, the suppression court denied Appellant's motion. Following a non-jury trial, Appellant was convicted of seven counts of Possession of Child Pornography.[1] The trial court sentenced Appellant to a term of six months to two years' imprisonment, to be followed by three years' probation. Although Appellant did not immediately pursue a direct appeal, he subsequently sought reinstatement of his direct appeal

---

[1] 18 Pa.C.S. § 6312(d)(1).

rights *nunc pro tunc*, which the lower court granted. This timely appeal followed.

On appeal, Appellant raises the following issue for our review:

Is the warrant at issue unconstitutional due to overbreadth [sic] in that the warrant authorizes the search of a cell phone and includes "[a]ny and all data stored with the phone's memory and/or other data storage devices contained in the device … and all digital images(s) [sic] or photographs stored within the aforementioned device,["] many of which are unrelated to the crime under investigation?

Appellant's Brief at 3 (unnecessary capitalization omitted).

We review the denial of a motion to suppress physical evidence as follows.

Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct.

[W]e may consider only the evidence of the prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

Further, [i]t is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony.

***Commonwealth v. Houck***, 102 A.3d 443, 455 (Pa. Super. 2014) (internal citations and quotations omitted).

The suppression court's factual findings are supported by the record. We therefore proceed to examine the propriety of the suppression court's

legal conclusions.   Appellant asserts that the original search warrant authorizing the search of his cell phone was constitutionally overbroad in that it "seeks to seize and search items that have no evidence of being involved in criminal conduct."  Appellant's Brief at 14.

A search warrant cannot be used as a general investigatory tool to uncover evidence of a crime.  **In re Casale**, 512 Pa. 548, 517 A.2d 1260, 1263 (1986); **Commonwealth ex rel. Ensor v. Cummings**, 416 Pa. 510, 207 A.2d 230, 231 (1965). Nor may a warrant be so ambiguous as to allow the executing officers to pick and choose among an individual's possessions to find which items to seize, which would result in the general "rummaging" banned by the Fourth Amendment. **See Commonwealth v. Santner**, 308 Pa.Super. 67, 454 A.2d 24 (1982) (quoting **Marron v. United States**, 275 U.S. 192, 195, 48 S.Ct. 74, 72 L.Ed. 231 (1927)). Thus, Pa.R.Crim.P. 205 specifies the necessary components of a valid search warrant. The comment to Rule 205 provides, however, that even though general or exploratory searches are not permitted, search warrants should "be read in a common sense fashion and should not be invalidated by hypertechnical interpretations. This may mean, for instance, that when an exact description of a particular item is not possible, a generic description will suffice." Pa.R.Crim.P. 205 (cmt.). Embracing this approach, we have held that "where the items to be seized are as precisely identified as the nature of the activity permits ... the searching officer is only required to describe the general class of the item he is seeking." **Commonwealth v. Matthews**, 446 Pa. 65, 85 A.2d 510 (1971).

A warrant is defective when its explanatory narrative does not describe as clearly as possible those items for which there is probable cause to search. **Grossman**, 521 Pa. 290, 555 A.2d 896. In assessing the validity of a description contained in a warrant, a court must initially determine for what items there was probable cause to search.  **Id**. at 900. "The sufficiency of the description [in the warrant] must then be measured against those items for which there was probable cause. Any unreasonable discrepancy between the items for which there was probable cause [to search] and the description in the warrant requires suppression." **Id**.

***Commonwealth v. Rega***, 933 A.2d 997, 1011-1012 (Pa. 2007).

We note at the outset that Appellant does not allege on appeal that the search warrant was invalid because it was issued without probable cause.[2]  We must therefore measure the description contained in the warrant.  ***See Rega***, 933 A.2d at 2012.  The original search warrant obtained by police described the items to be searched for and seized as:

> One Apple [iPhone] (cellular phone) with the assigned phone number of 724.581.1770.  Any and all data stored with the phone's memory and/or other data storage devices contained with in [sic] the device, including but not limited to incoming calls, missed calls, outgoing calls, all text messages and/or instant messages, contact/phonebook information, E-mail(s) and any and all digital image(s) or photographs stored within the aforementioned device.

Application for Search Warrant and Authorization, 11/10/08.[3]  The affidavit in support of the application for the warrant provided that the CI "contacted Thomas Zdrahal at cellular phone number 724.581.1770," and that a cellular phone connected to this phone number was recovered from Appellant's person following the completed drug transaction.  ***Id***. The affidavit further stated that Appellant acknowledged possession of the iPhone, thus

---

[2] Although Appellant initially raised this argument in his suppression motion, he does not do so in this appeal.

[3] We note that although a copy of the search warrant has not been made part of the certified record, and is contained only in Appellant's reproduced record, the accuracy of the reproduction has not been disputed.  Therefore, we may consider the copy of the warrant contained in the reproduced record.  ***See Commonwealth v. Brown***, 52 A.3d 1139, 1145 n.4 (Pa. 2012).

confirming that the phone was utilized to communicate with the CI to arrange the drug transaction. ***Id***. The affidavit concluded with a statement of the affiant's belief that the iPhone "contains evidence relating to the illegal distribution, sale and delivery of controlled substances." ***Id***.

There is a dearth of Pennsylvania state case law regarding the search and seizure of digital evidence. This is not so at the federal level, where this area has been written about extensively. The United States Supreme Court has recognized that modern cell phones contain an immense storage capacity, equivalent to that of a personal computer. ***See Riley v. California***, --- U.S. ---, ---, 134 S.Ct. 2473, 2489 (2014). "In reality, a modern cell phone is a computer[.]" ***United States v. Wurie***, 728 F.3d 1, 8 (1st Cir. 2013) (citation and internal quotation marks omitted). "Federal courts … have rejected most particularity challenges to warrants authorizing the seizure and search of entire personal or business computers, because criminals can—and often do—hide, mislabel, or manipulate files to conceal criminal activity [such that] a broad, expansive search of the [computer] may be required." ***United States v. Bass***, --- F.3d ---, ---, 2015 WL 1727290 at *4 (6th Cir. 2015, filed April 15, 2015) (internal quotes and citations omitted). "By necessity, government efforts to locate particular files will require examining a great many other files to exclude the possibility that the sought-after data are concealed there." ***United States v. Comprehensive Drug Testing, Inc.***, 621 F.3d 1162, 1176 (9th Cir. 2010) (*en banc*) (*per curiam*).

For example, in **United States v. Stabile**, 633 F.3d 219 (3d Cir. 2011), the defendant argued that the search of his computer hard drives was overbroad because the drives contained "personal emails and other information not related to [the] financial crimes" the defendant was suspected of committing. **Id**. at 233. The Third Circuit upheld the search and seizure, reasoning that the broad scope "was required because evidence of financial crimes could have been found in any location on any of the six hard drives, and this evidence very likely would have been disguised or concealed somewhere on the hard drive." **Id**. at 234. In so holding the Third Circuit recognized that, "as a practical matter, when a search requires review of a large collection of items, ... 'it is certain that some innocuous [items] will be examined, at least cursorily, in order to determine whether they are, in fact, among those [items] authorized to be seized.'" **Id**. (quoting **Andresen v. Maryland**, 427 U.S. 463, 482 n.11 (1976)).

Instantly, the affidavit attached to the November 10, 2008, search warrant provided probable cause that evidence of criminal activity, specifically pertaining to "the illegal distribution, sale and delivery of controlled substances," would be found on Appellant's iPhone. At the time of the seizure, however, the officers could not have reasonably known precisely where this information was located in the phone and in what format. Therefore, the breadth of the search warrant was necessary and reasonable due to the digital storage capacity of the electronic device to be searched at that time. Of course, once the officers discovered evidence of suspected

child pornography, they ceased the search and immediately obtained a more specific warrant aimed at uncovering evidence pertaining thereto. Appellant does not challenge the validity of that second warrant.

Based on the foregoing, we find no error in the suppression court's denial of Appellant's suppression motion. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2015