Commonwealth ex rel. Ensor, Appellant, *v.* Cummings.

24

Argued November 15, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Martin Vinikoor,* with him *Stanford Shmukler,* and *Vinikoor, Fein, Criden and Johanson,* for appellant.

*Daniel W. Shoemaker,* District Attorney, for appellees.

OPINION BY MR. JUSTICE EAGEN, January 4, 1966:

This is a habeas corpus proceeding which we heretofore remanded for further hearing. See, *Commonwealth ex rel. Ensor v. Cummings,* 416 Pa. 510, 207 A. 2d 230 (1965).

Appellant attacks the legality of her conviction and sentence for criminal abortion. The history of the case is detailed in our previous opinion and need not be repeated here. The main issue involved is the admissibility at trial of certain incriminating evidence seized by investigating state police officers during a raid of

premises where appellant and others were allegedly engaged in the performance of criminal abortions. At the time, the officers were possessed of an invalid search warrant. We previously held (see, 416 Pa. 510) that if the officers entered the premises and seized the questioned evidence, solely on the authority of the invalid warrant, that their action was illegal and the evidence was erroneously admitted at trial. However, we pointed out that it was impossible on the record, then before us, to intelligently determine the purpose of the entry. Was it to make a search, or to effectuate an arrest based on sufficient probable cause to justify an arrest without a warrant? If the latter were true, then the evidence involved was properly admitted. On remand, the trial court concluded that the primary purpose of the officers, upon entering the premises, was to make an arrest, and that sufficient probable cause existed to warrant such action without the prior issuance of a body warrant. It, therefore, ruled that the evidence was seized incidental to a lawful arrest and was properly admitted at trial. From an order again dismissing the habeas corpus action, this appeal was filed.

The lower court erred, and its order must be reversed.

An examination of the record discloses that the state police officer in charge of the raid candidly admitted in his testimony in the lower court that the entry was made to conduct a search and gain evidence. That this was the true purpose was admitted of record by the district attorney at the remand hearing, and is not now challenged on appeal. Hence, the record fails to sustain the court's conclusion that the entry was made primarily for the purpose of making an arrest. The seized evidence was, therefore, erroneously admitted at trial, and a new trial is required. See, *Jones v. United States,* 357 U.S. 493 (1958).

The case presents a further question, one of first impression in this Court. The instant proceedings were instituted against the superintendent of the correctional institution, where the appellant was then confined. Subsequently, and while the original appeal was pending, the appellant was released on parole, which is still in effect, by order of the state parole board. The members of this board were made additional defendants of record by order of the lower court, following our earlier order of remand. The question arises: Are the proceedings moot? We conclude not.

The case of *Jones v. Cunningham,* 371 U.S. 236 (1963) is apposite. Since appellant is not now in custody of the superintendent of the correctional institution, the proceedings are moot as to this particular defendant. However, she is still "in custody" of the parole board, since, while on parole, she is subject to conditions and restrictions which restrain her freedom. To these defendants, the proceedings are not moot. See also, *In Re Cawley,* 369 Mich. 611, 120 N.W. 2d 816 (1963), and *People ex rel. Zangrillo v. Doherty,* 40 Misc. 2d 505, 243 N.Y.S. 2d 694 (1963), compare also *Garner v. Penna.,* 372 U.S. 768 (1963).

The order of the lower court is reversed, and the record remanded with directions to issue the writ and order a new trial.

Mr. Justice COHEN dissents.