**812**

**UNITED STATES of America ex rel.
William McMULLIN**

v.

**D. N. MYERS, Superintendent, A. T. Run-
dle (Substituted Respondent).**

**Misc. No. 3178.**

United States District Court
E. D. Pennsylvania.

Aug. 22, 1966.

Howard Gittis, Philadelphia, Pa., for
relator.

Michael J. Rotko, Asst. Dist. Atty., for
respondent.

OPINION

LUONGO, District Judge.

In this petition for writ of habeas
corpus,[1] relator, William McMullin, con-
tends that his present confinement as a
parole violator is unlawful in that the
conviction which constituted the parole
violation was obtained in violation of his
constitutional rights.

Relator had been sentenced by the
Court of Bucks County in 1953 to a term
of imprisonment of 4 to 8 years on Bill
No. 92, September Sessions 1951, with a

---

1. State remedies have been exhausted. C.
P. Phila. Co., No. 1165, March Term,
1965; Superior Court of Pa., No. 420,
October Term, 1965.

maximum date of June 30, 1964.[2] On March 22, 1961, he was paroled. During 1964, he was tried and convicted in the Court of Quarter Sessions in Philadelphia County, No. 312, May Sessions 1964, on a charge of Conspiracy to Violate the Firearms Act, for which, on July 27, 1964, he received a suspended sentence and was placed on probation. By reason of that conviction, however, he was returned as a parole violator to serve back time of 3 years, 3 months and 8 days, effective February 14, 1964, with a new maximum date of May 22, 1967. It is that back time, triggered by the Philadelphia County conviction, which relator is presently serving.

Relator attacks the Philadelphia County conviction because of the use at trial of evidence obtained by an unlawful search and seizure.

The facts leading up to the search were these: There had been several burglaries in the Mt. Airy section of Philadelphia. Police received information that if they kept an eye on premises 1235 Germantown Avenue and on a black and white station wagon there, they might be able to solve some of the burglaries. The police obtained a warrant to search premises 1235 Germantown Avenue for stolen goods and went there for the purpose of executing it. When they arrived, there was a black and white station wagon parked outside. The police located the landlady, had her ring the door bell and were admitted to the premises by relator, William McMullin. The police identified themselves and announced that they had a search warrant. They then proceeded to make a search of the premises [3] in the course of which they found a number of articles, including face masks, wigs, items of clothing and several firearms. The police then arrested relator and two other occupants of the premises.

At the trial, an application was made to suppress the articles seized during that search. A hearing was held by a judge sitting in the Miscellaneous division of the Court of Quarter Sessions. After hearing, the Court ruled that the search warrant was valid and denied the application to suppress the evidence obtained in the execution thereof. At the subsequent trial, objection was made to the use of the seized articles in evidence but the trial judge, deeming himself bound by the earlier ruling, admitted the disputed evidence and McMullin was found guilty on the charge of Conspiracy to Violate the Firearms Act.

At some time after conviction and sentence, the district attorney conceded that the search warrant here used was invalid under Fourth Amendment standards. In the Answer to this Petition and at the hearing the district attorney reiterated that concession, but nevertheless resists the grant of the writ on the ground that this matter should have been raised on appeal, and further, that the evidence was obtained by a search incident to a lawful arrest.

■ I will not dwell at length on the failure to pursue the unlawful search question by way of appeal from the conviction. McMullin was represented by the Defender Association of Philadel-

---

2. In 1953 he was also sentenced on Bill No. 59, September Sessions 1952, and was given a sentence of 1 to 2 years imprisonment concurrent with that imposed in Bill 92. It appears that that sentence has been served in full and has no bearing on these proceedings.

3. The premises in question appears to have been an apartment house or rooming house. William McMullin occupied a room on the third floor, front. His half brother, Ralph McMullin, occupied a room on the second floor front. Rooms in the rear of the second and third floors were unoccupied. There was a kitchen available as a common facility for the occupants of all of the rooms. The firearms were found in Ralph McMullin's room. Ralph McMullin was convicted, and William McMullin was acquitted, on a charge of Possession of Firearms After Conviction of a Crime of Violence. Ralph and William McMullin were convicted on charges of Conspiracy to Violate the Firearms Act. In view of my disposition of this case, it will not be necessary to go into several interesting legal questions which are suggested by this set of circumstances.

phia. He was sentenced on July 27, 1964 and had 45 days from that date in which to file an appeal. By letter dated September 2, 1964, McMullin was advised by the Defender Association that it would not file an appeal on his behalf. McMullin thereafter attempted to take an appeal on his own within the remainder of the 45 day appeal period, but his efforts failed because of his unfamiliarity with the proper procedures. Thereafter McMullin made several efforts to file an appeal nunc pro tunc, but all of his efforts were unavailing. Under such circumstances I have no difficulty in concluding that McMullin is not precluded from a collateral attack on the legality of the search by his failure to raise the question on appeal.

As for the contention that the evidence here was obtained by a search incident to a lawful arrest, it simply has no support in this record and will be rejected. At the hearing before me, there was an attempt to establish that an arrest was made when the police entered the premises, but from the evidence it is clear that no arrest was made until *after* the search had revealed the complained of evidence. From the state court record and from the testimony before me, including that of Sgt. John Park, there is no question but that the police officers went to the premises solely for the purpose of executing the search warrant. In response to a question put to him by the court, Sgt. Park testified quite candidly that he did not consider that he had placed anyone under arrest when he entered the premises to execute the search warrant. It was not until after the officers had made the search and discovered the various items used in evidence at relator's trial that they decided to make the arrest. Under these circumstances this search cannot be justified as one incident to an arrest.[4] Commonwealth ex rel. Ensor v. Cummings, 420 Pa. 23, 215 A.2d 651 (1966). If anything, this arrest was incident to (or more accurately, the product of) the search. Since the search here was neither pursuant to a valid search warrant nor incident to a lawful arrest, the evidence obtained as a result thereof was improperly admitted and the conviction based on such evidence violated McMullin's constitutional rights. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933 (1961).

An Order will be entered granting the prayer of the petition.[5]

The Court takes this opportunity publicly to express its appreciation to Howard Gittis, Esquire, who has given unstintingly of his time and efforts in the highest traditions of the Bar in the services performed pursuant to the Court's appointment. The Court also acknowledges, with appreciation, the assistance rendered to Mr. Gittis by his associate, Thomas J. McBride, Esquire.

## ORDER

And now, this 22nd day of August, 1966, it is ordered that the Petition of William McMullin for Writ of Habeas Corpus be and it is hereby granted and the respondent shall forthwith release the said William McMullin from custody.

---

4. In light of the finding that the search was not incident to the arrest, it will be unnecessary to discuss the obvious lack of probable cause for making an arrest based on knowledge and information in the possession of the police *prior* to the time they entered the premises.

5. It is this court's practice, when granting the relief prayed for in a writ of habeas corpus, to afford to the Commonwealth a period of time in which to appeal from the ruling or to move to re-try the relator. In this case, however, since McMullin has been confined since February, 1964 as a parole violator and has already served 2 years and 5 months of the 3 years and 3 months back time, before entering the Order the court undertook to inquire of the district attorney as to the Commonwealth's intentions and ascertained that the Commonwealth does not intend to appeal or to re-try McMullin. The Order, will, therefore, be effective immediately.