Commonwealth ex rel. Yambo et al., Appellants v. Jennings.

Submitted September 13, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*William J. Gallagher,* Public Defender, for appellants.

*Robert S. Gawthrop, III,* and *James R. Freeman,* Assistant District Attorneys, and *Norman J. Pine,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., December 13, 1971:

On December 26, 1970 appellants, upon petition of the District Attorney pursuant to Rule of Criminal procedure 4014,[1] were committed to Chester Farms Prison, in default of $2,000 bonds, as material witnesses to the murder of one Raymond Dutton, whose shooting had taken place in their presence.

While so imprisoned, appellants petitioned for a writ of habeas corpus, and after a hearing, the court below dismissed the petitions and set bail at $1,000 for each of appellants Yambo, Rivera and Echevarria and $500 for appellant Santiago. They posted the said bail and were released from custody. They nevertheless have appealed to this court from the lower court's dismissal of their Petitions for Writ of Habeas Corpus, raising issues as to the sufficiency of the evidence upon which they were detained and as to the constitution-

---

[1] "Rule 4014. Detention of Witnesses

"(a) After an accused has been arrested for any offense, an issuing authority may, upon application of the attorney for the Commonwealth, demand bail of any material witness named in the application, conditioned upon his appearance as may be required, provided that such application shall be supported by an affidavit of the attorney for the Commonwealth upon which the issuing authority shall conclude that the witness if not held in custody or in bail will fail to appear when required. Upon receipt of such application the issuing authority may issue process to bring any named witnesses before him for the purpose of demanding bail.

"(b) When the witness is unable to secure bail after having been given immediate and reasonable opportunity to do so, the issuing authority shall commit him to jail in default of bail, provided that at any time thereafter and prior to any term of court to which the witness may be held for appearance, an issuing authority or the clerk of court in that county may accept the fixed bail.

"(c) Upon application, a court may discharge a witness from custody with or without bond, or grant other appropriate relief as may be required."

ality of Rule 4014 because of its failure expressly to provide for a hearing on the District Attorney's petition.

Our study of the case would lead us to conclude that the evidence presented by the District Attorney was more than sufficient to warrant the holding of the appellants as material witnesses and that no constitutional rights had been violated in that they had been afforded full and complete hearing on their contest of the District Attorney's right to detain them by reason of the Petition for Writ of Habeas Corpus filed by them. However, the issues as raised by appellants are now moot since appellants posted bail and were, as they themselves state in their brief, "released from custody".

This court stated in *Com. ex rel. Maisels v. Baldi*, 172 Pa. Superior Ct. 19, 20-21 (1952) : "On April 4, 1952, relator appealed to this Court from the dismissal of his petition for writ of habeas corpus. Relator at that time was not in the custody of the respondent, the superintendent of county prison, on the original commitment.

"It is well settled that a person out on bail is not so restrained of his liberty as to be entitled to a writ of habeas corpus. 25 Am. Jur., Habeas Corpus, §24, p. 158. See, also, Com. v. Green, 185 Pa. 641, 40 A. 96; Com. ex rel. Glenn v. Gill, 10 Pa. C.C. 71. Relator not being in the custody of the respondent against whom the petition in habeas corpus was directed, the appeal from the order of the court below will be dismissed.

"Appeal is dismissed."

In *Commonwealth ex rel. Spader v. Burke*, 171 Pa. Superior Ct. 289, this court had held as moot an appeal from the dismissal of the Petition for Writ of Habeas Corpus where the petitioner was released on parole pending disposition of his appeal and no longer was in the custody of the Warden "from whose custody, by writ of habeas corpus, relator sought his discharge",

the court reasoning at page 291: "Since relator's release respondent-warden could not produce his body to answer any judgment of the court. A writ of habeas corpus is directed to the person detaining another and commanding him to produce the body. Relator being no longer detained by the respondent-warden the proceeding against him has become moot. See Van Meter v. Sanford, 5 Cir., 99 F. 2d 511; Ex parte Herrera et al., (Cal.) 137 P. 2d 82, 86.

"Appeal is dismissed."

In *Commonwealth ex rel. Wood v. Maroney*, 207 Pa. Superior Ct. 191 (1965), the same reasoning was followed at page 192: "As a consequence of Wood's parole he is no longer in the custody of the superintendent of the Western State Correctional Institution, wherefore the proceeding has become moot: Commonwealth ex rel. Spader v. Burke, 171 Pa. Superior Ct. 289, 90 A. 2d 849." However, in *Commonwealth ex rel. Ensor v. Cummings*, 420 Pa. 23 (1966), after being released on parole the appellant-petitioner made the state parole board additional defendants of record, and it was held, at page 26: "Since appellant is not now in custody of the superintendent of the correctional institution, the proceedings are moot as to this particular defendant. However, she is still 'in custody' of the parole board, since, while on parole, she is subject to conditions and restrictions which restrain her freedom. To these defendants, the proceedings are not moot. See also, In Re Cawley, 369 Mich. 611, 120 N.W. 2d 816 (1963), and People ex rel. Zangrillo v. Doherty, 40 Misc. 2d 505, 253 N.Y.S. 2d 694 (1963), compare also Garner v. Penna., 372 U.S. 768 (1963)."

In so holding, however, the court held that "the case of Jones v. Cunningham, 371 U.S. 236 (1963), is apposite." In that case, the United States Supreme Court stated: "When the petitioner was placed on parole, his cause against the Superintendent of the Vir-

ginia State Penitentiary became moot because the superintendent's custody had come to an end, as much as if he had resigned his position with the State. . . ." However, the United States Supreme Court then reasoned at great length to show that the appellant-parolee was still in fact in the "custody" of the respondent parole board, pointing out that the Virginia statute provides that a paroled prisoner shall be released into "the custody" of the parole board and that the parole order itself places petitioner "under the custody and control of the Virginia Parole Board". After reviewing all the conditions to be met by petitioner on parole and his duties toward the parole board, the court concludes "such restraints are enough to invoke the help of the Great Writ."

Thus, cases involving Petitions for Writ of Habeas Corpus directed by a parolee to his parole board have no applicability where the petitioner is at the time of his appeal released on bail and not in custody of any one, and certainly not in custody of the person from whom he seeks release.

Since appellants in this case have already secured relief which can be afforded by a Petition for Writ of Habeas Corpus, namely, release on bail, to now say that such release on bail is not placing the appellants at liberty would be an incongruity. Appellants have already achieved a status which the Petition for Writ of Habeas Corpus was designed to secure: release on bail.

It is, therefore, our view of the law, as applied to the facts and circumstances of this case, that the appellants are not in any manner being held in custody of or being held in restraint by the Warden of the prison, they having been released from such custody when they posted bail.

Appellants' reliance on *Commonwealth ex rel. Levine v. Fair*, 394 Pa. 262 (1958), cannot meet with suc-

cess for the reason that both the majority opinion and the concurring opinion of the Pennsylvania Supreme Court clearly state the extraordinary relief granted petitioner in that case was to be limited to the very exceptional circumstances there present. No such exceptional circumstances are in any way indicated in the facts of the present appeal.

Order affirmed.