486 A.2d 982

COMMONWEALTH of Pennsylvania ex rel.
Cynthia VAN FOSSEN

v.

Terry PAUL, Warden Luzerne County Prison.

Appeal of Cynthia VAN FOSSEN.

COMMONWEALTH of Pennsylvania,

v.

Cynthia VAN FOSSEN, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 4, 1984.

Filed Dec. 21, 1984.

Michael R. Kostelansky, Wilkes-Barre, for appellant.

Joseph Giebus, Assistant District Attorney, Wilkes-Barre, for Com., appellee.

Before CIRILLO, OLSZEWSKI and MONTGOMERY, JJ.

MONTGOMERY, Judge:

These consolidated appeals arise from (1) the denial of appellant's habeas corpus petition; and, (2) the grant of the Commonwealth's petition to modify sentence to provide total confinement.

A plea of guilty to one count of aggravated assault was entered by appellant on March 21, 1983, and charges of resisting arrest and escape were nolle prossed. She was immediately sentenced to three (3) to eighteen (18) months county imprisonment, said sentence to be served on forty-five (45) consecutive weekends from 7:00 p.m. on Friday until 7:00 p.m. on Sunday, beginning March 25, 1983. Upon her arrival at Luzerne County Prison at approximately 7:15 p.m., Friday, September 2, 1983, appellant exhibited characteristics indicative of being under the influence of alcohol. As was her right, appellant refused to submit to a breathometer reading. On Sunday, prison officials did not release appellant and she remained in continuous confinement until October 19, 1983.

Appellant filed an application for writ of habeas corpus on September 7, 1983, and the Commonwealth filed a motion to modify sentence that same date. A single hearing on both matters was held September 20, 1983, and the habeas corpus petition was denied while the petition to modify sentence was granted. Appellant was released on parole October 19, 1983, upon expiration of her minimum sentence. Her maximum sentence will expire January 15, 1985.

Traditionally, appellant's release from actual custody would render moot that portion of this matter relating to the denial of her habeas corpus petition. *Commonwealth ex rel. Yambo v. Jennings*, 220 Pa.Super. 186, 188, 190, 286 A.2d 909, 911–912 (1971). A matter is also rendered moot by satisfaction of sentence under the traditional view. *Cf.*, *Commonwealth v. Sheehan*, 446 Pa. 35, 41, 285 A.2d 465,

468 (1971). This latter traditional view has been modified to state that satisfaction of sentence renders the case moot unless the conviction and sentence causes the petitioner to suffer collateral criminal disabilities which survive the satisfaction of sentence and give the petitioner standing to attack the conviction. *Id.* Our Supreme Court went even further several years later and determined that those who show criminal and/or civil collateral consequences resulting from a wrongful conviction and have not been charged with any other criminal offense have the right to challenge an alleged wrongful conviction. *Commonwealth v. Doria,* 468 Pa. 534, 541, 364 A.2d 322, 326 (1976).

■ Appellant seeks to extend the holding in *Doria* to the instant matter by stating that she intends to pursue civil remedies in an action against the prison officials for alleged unlawful detention. As appellant is not challenging her conviction or, more specifically, her plea of guilty, we see no reason to apply the view in *Doria.* Instead we find the case of *Commonwealth ex rel. Yambo v. Jennings, supra,* to be applicable, thereby rendering her habeas corpus denial claim moot.

■ As to whether the trial court had the authority to entertain and grant the Commonwealth's petition to modify sentence, we find that issue to also be moot. In light of the holding in *Commonwealth v. Doria,* we note that appellant states her intention to challenge, in a civil action, her confinement from 7:00 p.m., September 4, 1983, to September 20, 1983. The modification of appellant's sentence became effective after the hearing on the motion held September 20, 1983. As a result she makes no claim of "civil and/or criminal disability" due to the sentence modification despite her parole or release from confinement. Hence, the prerequisites set forth in *Doria* are not met, rendering her claim moot.

Appeal dismissed as moot.