J-A34034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ANTONIO L. HORNE, SR. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DAUPHIN COUNTY PRISON AND DOMINIC DEROSE | |
| Appellee | No. 911 MDA 2015 |

Appeal from the Order Entered May 4, 2015
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2015-CV-03336MP

BEFORE:  PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED DECEMBER 11, 2015**

Appellant Antonio L. Horne, Sr., proceeding *pro se*, challenges the May 4, 2015 order of the Dauphin County Court of Common Pleas dismissing his Petition for Writ of Habeas Corpus Ad Subjiciendum ("the petition" or "Appellant's petition").  For the reasons that follow, we affirm.

On January 23, 2014, Appellant pleaded guilty to driving under the influence ("DUI"), general impairment[1] at Docket No. CP-22-CR-0003334-2013 ("first DUI conviction").  That same day, the trial court sentenced Appellant to 72 hours in jail followed by 6 months' probation.  Appellant did not file a direct appeal.

---

[1] 75 Pa.C.S. § 3802(a)(1).

On November 12, 2014, following a bench trial, the Dauphin County Court of Common Pleas convicted Appellant of another DUI, general impairment, from a separate incident at Docket No. CP-22-CR-0000173-2014 ("second DUI conviction"). Also on November 12, 2014, the trial court sentenced Appellant to 6 months' intermediate punishment, with the first 30 days to be served under house arrest on electronic home monitoring. Again, Appellant did not file a direct appeal.

On April 28, 2015, Appellant filed the instant petition in which he alleges that both his DUI convictions should be vacated on evidentiary grounds not previously raised.[2] **See** Appellant's Petition, pp. 7-11. On May 4, 2015, the Court of Common Pleas of Dauphin County, Civil Division ("the trial court") noted that the petition was an improper filing that Appellant should have presented as a PCRA petition under 42 Pa.C.S. § 6503.[3] Trial

_____

[2] Appellant argues the evidence used to convict him on both DUI convictions should have been suppressed for various reasons. **See** Appellant's Petition, pp. 7-11. To the extent this Court can discern discreet claims, as to his first DUI conviction, Appellant alleges the results of the portable breathalyzer test should have been suppressed because the police did not obtain a warrant prior to administering the test. **See id.** at 10-11. As to his second DUI conviction, Appellant claims that the police did not transport him to a hospital for chemical testing, and that he never refused chemical testing despite information to the contrary contained in the police affidavit of probable cause from the criminal complaint, the hospital's Certification of Request for Testing to Determine Presence of Alcohol and/or Controlled Substance Under Pennsylvania Motor Vehicle Code, and the PennDOT Report of Refusal to Submit to Chemical Testing – all attached as exhibits to Appellant's habeas petition. **See id.** at 8.

[3] 42 Pa.C.S. 6503 provides, in relevant part:
*(Footnote Continued Next Page)*

Court Order, May 4, 2015, pp. 1-2.  The trial court denied the petition,

explaining:

> The Plaintiff/Petitioner has attempted to resurrect an otherwise untimely filing through his Petition when the proper vehicle for the averments alleged in his Petition is a Petition for Post-Conviction Relief.  Additionally, the Post Conviction Relief Act specifically states that an "action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus."  42 Pa.C.S. § 9542.  Therefore, the Plaintiff/Petitioner's proper method of recourse is through the Post Conviction Relief Act.

*Id.*[4]

*(Footnote Continued)* _____

> Where a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of habeas corpus shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law.

42 Pa.C.S. § 6503(b).

[4] We note that the trial court was correct that Appellant's petition should have been viewed as a PCRA petition.  *See Commonwealth v. Stout*, 978 A.2d 984, 986 (Pa.Super.2009) ("[F]or the most part, the PCRA has subsumed the writ of habeas corpus as a means for obtaining post-conviction collateral relief from a judgment of sentence."); 42 Pa.C.S. § 9542 ("The [PCRA] shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when [the PCRA] takes effect, including habeas corpus and coram nobis.").  We further note that, as a result, the trial court should have treated the petition as a PCRA petition and appointed PCRA counsel. *See Commonwealth v. Robinson*, 970 A.2d 455, 457 (Pa.Super.2009) ("Pursuant to the rules of criminal procedure and interpretive case law, a criminal defendant has a right to representation of counsel for purposes of litigating a first PCRA petition through the entire appellate process.").
*(Footnote Continued Next Page)*

Appellant filed a timely notice of appeal on May 20, 2015, and a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal on June 15, 2015. On July 6, 2015, the trial court filed a Pa.R.A.P. 1925(a) opinion that simply adopted the court's May 4, 2015 order.

Appellant purports to raise the following issue for our review:

> Did the civil trial court error as a matter of law holding that the post conviction relief act Encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including the "habeas corpus". 42 Pa.C.S. section 6501. Writ not to be suspended. And the privilege of the writ of habeas corpus shall not be suspended, unless when in case of rebellion or invasion the public safety may require it. Pennsylvania Constitution, Article 1. Section 14.

Appellant's Brief, p. 2[5] (verbatim).

In reviewing an order denying PCRA relief, our well-settled standard of review is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

---
*(Footnote Continued)* ─────────────

However, given our disposition herein, the trial court's error of not appointing counsel to represent Appellant was harmless.

[5] Appellant does not number the pages of his brief. This Court has supplied page numbers beginning with the page that includes the Table of Contents and the Table of Authorities numbered as page 1.

Initially, as a threshold matter, to be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that he is "currently serving a sentence of imprisonment, probation or parole for the crime[.]" 42 Pa.C.S. § 9543(a)(1)(i). A petitioner who has completed his sentence is no longer eligible for post-conviction relief. *Commonwealth v. Soto*, 983 A.2d 212, 213 (Pa.Super.2009); *see also Commonwealth v. Turner*, 80 A.3d 754, 765 (Pa.2013) ("due process does not require the legislature to continue to provide collateral review when the offender is no longer serving a sentence."). This is so even if the petitioner filed his PCRA petition during the pendency of his sentence. *See Commonwealth v. Williams*, 977 A.2d 1174, 1176 (Pa.Super.2009) ("As soon as his sentence is completed, the petitioner becomes ineligible for relief, regardless of whether he was serving his sentence when he filed the petition.").[6]

_____

[6] Likewise, even assuming the PCRA did not provide a remedy and habeas corpus was somehow an appropriate vehicle for Appellant to seek relief, Appellant would still not be entitled to relief. As with the PCRA, "[t]he writ of habeas corpus is used to determine whether a petitioner is entitled to an immediate release from an unlawful **confinement**." *Commonwealth ex rel. Powell v. Rosenberry*, 645 A.2d 1328, 1330 (Pa.Super.1994) (emphasis provided). While a petitioner need not be incarcerated when a petition for a writ of *habeas corpus* is filed, a threshold requirement of habeas corpus relief is that the petitioner must be "in custody" of some form during the pendency of the petition. *See Commonwealth ex rel. Ensor v. Cummings*, 215 A.2d 651, 652 (Pa.1966). Petitioners "in custody" include those on parole or on bail. *See Id.* (parole); *Commonwealth v. Hess*, 414 A.2d 1043 (Pa.1980) (bail); *Commonwealth ex rel. Paulinski v. Isaac*, 397 A.2d 760 (Pa.1979) (bail). As the Supreme Court of the United States has explained, "[w]hile we have very liberally constructed the 'in custody' requirement for purposes of federal habeas, we have never extended it to

*(Footnote Continued Next Page)*

- 5 -

Here, a review of the record reveals Appellant is no longer serving a sentence of incarceration, probation, or parole for either of his DUI convictions. Accordingly, Appellant is not entitled to PCRA relief, and the trial court properly denied his petition.[7] ***See Commonwealth v. Clemens***, 66 A.3d 373, 381 n.6 (Pa.Super.2013) ("This [C]ourt may affirm [the trial court] for any reason, including such reasons not considered by the [trial] court.").

Accordingly, we affirm the trial court's order denying Appellant's petition and dismiss Appellant's "Motion for Continuance of Oral Argument" and "Motion for Summary Judgment on Pleadings" as moot.

Order affirmed. Outstanding motions dismissed as moot.

*(Footnote Continued)* ———————————

the situation where a habeas petitioner suffers no present restraint from a conviction." ***Maleng v. Cook***, 490 U.S. 488, 492, 109 S.Ct. 1923, 1926 (1989).

[7] To the extent Appellant may still be paying restitution or fines attendant to his convictions, such penalties do not satisfy the custody requirement for PCRA relief. ***See Commonwealth v. Fisher***, 703 A.2d 714 (Pa.Super.1997) (the PCRA does not provide relief to those petitioners whose only uncompleted aspect of sentence is a fine); ***Commonwealth v. Jones***, 771 A.2d 33 (Pa.Super.2001) (same regarding restitution).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/11/2015