J-S86020-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC MICHAEL MISKOVITCH | |
| Appellant | No. 392 WDA 2016 |

Appeal from the Order Entered March 3, 2016
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0000556-2005

BEFORE:  GANTMAN, P.J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MOULTON, J.:                    **FILED JANUARY 30, 2017**

Eric Michael Miskovitch appeals from the March 3, 2016 order of the Court of Common Pleas of Westmoreland County dismissing his petition for writ of *habeas corpus ad subjiciendum*.  We affirm.

The trial court set forth the factual and procedural history underlying this appeal as follows:

> The instant case arises out of an incident in which Mr. [Eric Michael] Miskovitch . . . was charged with Criminal Attempt-Escape in violation of 18 Pa.C.S.A. § 901(a).  Mr. Miskovitch subsequently entered a guilty plea on April 25, 2005 and was sentenced on the same day by the Honorable John E. Blahovec to . . . 1½ to . . . 3 years incarceration.  At that time, . . . Mr. Miskovitch was already on parole from sentences imposed in Allegheny and Beaver Counties.  On August 7, 2007, the Pennsylvania Board of Probation and Parole noted various

_____

[*] Former Justice specially assigned to the Superior Court.

convictions in Westmoreland County, including th[is] . . . case but took no action as to the convictions. On April 14, 2010, Mr. Miskovitch's parole was revoked because he committed new crimes after he was released on parole. On December 5, 2011, Mr. Miskovitch's parole was again revoked because of additional crimes he committed after he was released on parole.

On December 5, 2011, the Pennsylvania Board of Probation and Parole calculated Mr. Miskovitch's parole violation maximum date on his original Allegheny and Beaver County sentences as September 24, 2015. On September 6, 2013, the Commonwealth Court of Pennsylvania issued an opinion and order that affirmed the Pennsylvania Board of Probation and Parole's December 5, 2011 decision. [*Miskovitch v. Pennsylvania Bd. of Prob. & Parole*, 77 A.3d 66 (Pa.Cmlwth. 2013).] On May 15, 2014, Mr. Miskovitch was released on parole from his remaining Beaver County sentence to a state detainer sentence. Mr. Miskovitch began serving his new Allegheny County Sentence on May 16, 2014. On December 7, 2015, Mr. Miskovitch was released on parole from the May 5, 2010 Allegheny County sentence. The maximum date on that sentence will expire on June 7, 2016.

On August 11, 2015, Mr. Miskovitch filed a pro-se Petition for Writ of Habeas Corpus before this Honorable Court. A video hearing was conducted on October 30, 2015, and the record was left open to allow [the Commonwealth] an opportunity to supplement the record. On January 26, 2016, a second hearing was conducted before this Court. At the conclusion of the hearing, this Court entered an Order direct[ing] the Pennsylvania Board of Probation and Parole to show cause why [Miskovitch] is not entitled to the relief requested. On February 24, 2016, [the Board] filed a Response to the Motion for Rule to Show Cause.

Opinion and Order of Court, 3/3/16, at 1-3 ("Opinion"). On March 3, 2016, the trial court denied the petition for lack of jurisdiction. *Id.* at 3. On March 8, 2016, Miskovitch filed a notice of appeal. Both Miskovitch and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925, and the

trial court adopted its prior Opinion as its Rule 1925(a) opinion. ***See***

Opinion and Order of Court Issued Pursuant to Pa.R.A.P. Rule 1925(A),

4/21/16, at 1.

Miskovitch raises two issues on appeal:

1. WHETHER A CONTRACT ENTERED INTO BY THE COMMONWEALTH IS ENFORCEABLE AGAINST ALL ITS AGENCIES?

2. WHETHER [MISKOVITCH] IS ENTITLED TO THE BENEFIT OF THE BREACHED CONTRACT?

Miskovitch's Br. at vii (trial court answers omitted).

We will not address Miskovitch's errors complained of on appeal

because we conclude that the trial court properly denied Miskovitch's petition

for want of jurisdiction. The trial court concluded:

> Upon a thorough review of the record in this case, this Court finds that Mr. Miskovitch is currently on parole from a May 10, 2010 sentence imposed by the Court of Common Pleas of Allegheny County. The maximum date on that sentence will expire on June 7, 2016. Mr. Miskovitch began serving his current sentence when he was paroled from a Beaver County sentence after being recommitted as a convicted parole violator. The Pennsylvania Board of Probation and Parole took no action on any Westmoreland County conviction, and the Westmoreland County sentence in this case had no impact in the calculation of Mr. Miskovitch's parole violation maximum date or maximum sentence dates for which he ever was on parole.
>
> Since the sentence imposed in the above-referenced case has long expired and Mr. Miskovitch is not in custody by virtue of any Westmoreland County sentence, this Court is not the proper venue for a habeas action.

Opinion at 3.

We agree with the trial court's rationale. "The writ of *habeas corpus* is used to determine whether a petitioner is entitled to an immediate release from an unlawful [custody or] confinement." ***Commonwealth ex. rel. Powell v. Rosenberry***, 645 A.2d 1328, 1330 (Pa.Super. 1994). It is well settled that petitions for *habeas corpus* are rendered moot upon expiration of the petitioner's sentence. ***See Commonwealth ex. rel. Van Fossen v. Paul***, 486 A.2d 982, 983 (Pa.Super. 1984) ("Traditionally, appellant's release from actual custody would render moot that portion of this matter relating to the denial of her habeas corpus petition. . . . A matter is also rendered moot by satisfaction of sentence under the traditional view.") (internal citations omitted). Further, the Pennsylvania Board of Probation and Parole's calculations of parole maximum dates are administrative parole orders and decisions of a Commonwealth agency. Challenges to these calculations are within the exclusive jurisdiction of the Commonwealth Court of Pennsylvania. ***See*** 42 Pa.C.S. § 763(a)(1); ***Commonwealth v. McDermott***, 547 A.2d 1236, 1240 (Pa.Super. 1989) ("[A]ppeals from administrative parole orders are within the exclusive jurisdiction of the Commonwealth Court. Attempts to circumvent the Commonwealth Court's exclusive jurisdiction over administrative parole matters via . . . *habeas corpus* petitions have been rejected.") (internal citations omitted). Because the trial court properly determined that it lacked jurisdiction to hear the petition, we conclude that it properly denied the petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/2017