J-S03018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DAVID W. CHILCOTE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHERYL STEBERGER | : | No. 1188 MDA 2023 |

Appeal from the Order Entered August 2, 2023
In the Court of Common Pleas of Lancaster County Civil Division at
No(s): CI-23-04060

BEFORE: OLSON, J., NICHOLS, J., and BECK, J.

MEMORANDUM BY NICHOLS, J.: **FILED: MAY 6, 2024**

Appellant David W. Chilcote appeals *pro se* from the order denying his petition for writ of *habeas corpus*. On appeal, Appellant alleges that the trial court erred by denying his petition without a hearing and failing to file a Pa.R.A.P. 1925(a) opinion. After careful review, we remand with instructions and retain jurisdiction.

By way of background, Appellant was extradited from the State of Maryland to the Lancaster County Prison[1] to face pending criminal charges in Lancaster County. On June 8, 2023, Appellant filed a *pro se* petition for writ of *habeas corpus*, compassionate release. The trial court denied Appellant's petition without a hearing on August 2, 2023. Appellant subsequently filed a

_____

[1] Appellee Cheryl Steberger is the warden of the Lancaster County Prison.

*pro se* petition for rule to show cause, which the trial court denied on August 18, 2023.

Appellant filed a timely notice of appeal on August 24, 2023. The trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[2] Appellant failed to comply with the trial court's order. The trial court filed a Rule 1925(a) opinion concluding that Appellant waived any issues for appeal by failing to file a Rule 1925(b) statement. **See** Trial Ct. Op., 10/18/23, at 2.

On appeal, Appellant raises the following issues:

1. Did the Commonwealth violate legislative law by dismissing Appellant's writ of *habeas corpus* without a hearing?

2. Does the holding of Appellant without trial, without meaningful representation, and with Appellant claiming his innocence, constitute cruel and unusual punishment in violation of the United States Constitution and the Pennsylvania Constitution?

3. Did the [trial] court violate [the Pennsylvania Rules of Appellate Procedure], 210 Pa. Code and section, when [it] failed to writ[sic] an opinion for [its] order?

Appellant's Brief at 1, 2, and 6 (formatting altered).

Initially, we must determine whether Appellant's underlying issue is moot. This Court has held the following pertaining to the mootness doctrine:

> As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot.

---

[2] We note that the trial court's order directing Appellant to file a Rule 1925(b) statement did not specify that the statement needed to be served on the trial judge or "that any issue not properly included in the [Rule 1925(b)] statement . . . shall be deemed waived." **Compare** Pa.R.A.P. 1925(b)(3)(iv) (some formatting altered) **with** Trial Ct. Order, 8/30/23.

> An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.
>
> We may address mootness *sua sponte*, as we generally cannot decide moot or abstract questions, nor can we enter a judgment or decree to which effect cannot be given.

*M.B.S. v. W.E.*, 232 A.3d 922, 927 (Pa. Super. 2020) (citations omitted and formatting altered). In the context of a petition for a writ of *habeas corpus*, a case becomes moot when the petitioner is no longer in custody of the person from whom he or she seeks release. *Commonwealth ex rel. Yambo v. Jennings*, 286 A.2d 909, 911-12 (Pa. Super. 1971). In determining whether a person remains in custody, we note that this Court may take judicial notice of other proceedings involving the same parties. *Hvizdak v. Linn*, 190 A.3d 1213, 1218 n.1 (Pa. Super. 2018).

In the instant case, while this appeal was pending, Appellant entered a negotiated guilty plea to eight counts each of burglary, criminal trespass, and criminal mischief[3] in his Lancaster County criminal case. *See Commonwealth v. Chilcote*, CP-36-CR-0002187-2023. On February 26, 2024, the Lancaster County Court of Common Pleas imposed an agreed-upon sentence of five years' probation for each count. It is unclear from the criminal docket whether the sentences run concurrently or consecutively. However,

---

[3] 18 Pa.C.S. §§ 3502(a)(4), 3503(a)(1)(ii), and 3304(a)(5), respectively.

- 3 -

the criminal docket reflects that Appellant received credit for time served from March 31, 2020 through the date of sentencing and was to be paroled "immediately." *Id.*

On this record, it appears that Appellant may have been released from custody while this appeal was pending, which could render this appeal seeking *habeas corpus* relief moot. However, the record before us is inconclusive. Therefore, we are constrained to remand this case for further proceedings.

On remand, the trial court shall supplement this record with pertinent documentation, and may conduct proceedings if deemed necessary in order to inform this Court whether Appellant remains in the custody of the Lancaster County Prison for the reasons giving rise to the instant appeal. *See Jennings*, 286 A.2d at 912 (noting that a *habeas* case "becomes moot when the petitioner is no longer in custody of the person from whom he or she seeks release"); *see also Hvizdak*, 190 A.3d at 1218 n.1 (explaining that courts may take judicial notice of other proceedings involving the same parties). The trial court shall file its supplement to this record within forty-five days of this memorandum.

Case remanded with instructions. Jurisdiction retained.