J-S03018-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DAVID W. CHILCOTE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHERYL STEBERGER | : | No. 1188 MDA 2023 |

Appeal from the Order Entered August 2, 2023
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  CI-23-04060

BEFORE:  OLSON, J., NICHOLS, J., and BECK, J.

JUDGMENT ORDER BY NICHOLS, J.:　　　**FILED: JUNE 4, 2024**

Appellant David W. Chilcote appeals *pro se* from the order denying his petition for writ of *habeas corpus*.  After careful review, we dismiss Appellant's appeal as moot.

By way of background, Appellant was extradited from the State of Maryland to the Lancaster County Prison[1] to face pending criminal charges in Pennsylvania.  On June 8, 2023, Appellant filed a *pro se* petition for writ of *habeas corpus* seeking compassionate release.  The trial court denied Appellant's petition without a hearing on August 2, 2023.  Appellant subsequently filed a *pro se* petition for rule to show cause, which the trial court denied on August 18, 2023.

---

[1] Appellee Cheryl Steberger is the warden of the Lancaster County Prison.

Appellant filed a timely notice of appeal on August 24, 2023. Subsequently, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following issues:

1. Did the Commonwealth violate legislative law by dismissing Appellant's [petition for] writ of *habeas corpus* without a hearing?

2. Does the holding of Appellant without trial, without meaningful representation, and with Appellant claiming his innocence, constitute cruel and unusual punishment in violation of the United States Constitution and the Pennsylvania Constitution?

3. Did the [trial] court violate [the Pennsylvania Rules of Appellate Procedure 1925], . . . when [it] failed to writ[sic] an opinion for [its] order?

Appellant's Brief at 1, 2, and 6 (formatting altered).

Initially, we must determine whether Appellant's underlying issue is moot. Regarding the mootness doctrine, this Court has held as follows:

As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

We may address mootness *sua sponte*, as we generally cannot decide moot or abstract questions, nor can we enter a judgment or decree to which effect cannot be given.

***M.B.S. v. W.E.***, 232 A.3d 922, 927 (Pa. Super. 2020) (citations omitted and formatting altered). In the context of a petition for a writ of *habeas corpus*, a case becomes moot when the petitioner is no longer in custody of the person

- 2 -

from whom he or she seeks release. ***Commonwealth ex rel. Yambo v. Jennings***, 286 A.2d 909, 912 (Pa. Super. 1971).

In the instant case, while this appeal was pending, Appellant entered a negotiated guilty plea to eight counts each of burglary, criminal trespass, and criminal mischief in his Lancaster County criminal case. ***See Commonwealth v. Chilcote***, CP-36-CR-0002187-2023. On February 26, 2024, the Lancaster County Court of Common Pleas imposed an agreed-upon sentence of five years' probation for each count. The criminal docket reflects that Appellant received credit for time served from March 31, 2020 through the date of sentencing and was to be paroled "immediately." ***Id.***

After Appellant filed the instant appeal from the trial court's order denying his petition for *habeas corpus*, we remanded this case for the trial court to "inform this Court whether Appellant remains in the custody of the Lancaster County Prison for the reasons giving rise to the instant appeal." ***Chilcote v. Steberger***, 1188 MDA 2023, 2024 WL 1988960, at *2 (Pa. Super. filed May 6, 2024) (unpublished mem.). On May 13, 2024, the trial court provided this Court with a supplemental record reflecting that Appellant is no longer in the custody of the Lancaster County Prison. ***See*** N.T. Hr'g, 5/8/24, at 4.

Because Appellant is no longer in the custody of the Lancaster County Prison, we dismiss his appeal, as the issues raised on appeal are now moot. ***See M.B.S.***, 232 A.3d at 927; ***Jennings***, 286 A.2d at 912.

Appeal dismissed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>06/04/2024</u>